**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**

JAN 1 2 2024

SHASTA COUNTY SUPERIOR COURT
BY: K. McABEL, DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STATE OF CALIFORNIA, by and through CALIFORNIA HIGHWAY PATROL; RYAN CATES; SHASTA COUNTY, and DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAVID COUCH, Sr., and JEANELLE COUCH; both individually and as successors in interest to DAVID COUCH, Jr. Decedent

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Shasta County Superior Court

1500 Court Street, Room 319, Redding, CA 96001

| CASE NUMBER: *(Número del Caso):* |
|---|
| **204058** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kimberly S. Trimble; 591 Camino De La Reina, Suite 1025, San Diego, CA 92108; (619) 771-3473 Additional Parties Attach Form is attached

DATE: JAN 1 2 2024     Clerk, by    **K. McABEL**   , Deputy
*(Fecha)*     *(Secretario)*      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* STATE OF CALIFORNIA, by and through CALIFORNIA HIGHWAY PATROL
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* PUBLIC ENTITY
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

| SHORT TITLE: | | SUM-200(A) |
|---|---|---|
| Couch v. State of California, et al. | CASE NUMBER: | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[ x ] Plaintiff      [ ] Defendant      [ ] Cross-Complainant      [ ] Cross-Defendant

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

LAW OFFICES OF GRECH & PACKER
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

Attorneys for Plaintiff DAVID COUCH, Sr.

Page ___2___ of ___2___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Kimberly S. Trimble (SBN 288682)<br>Singleton Schreiber, LLP<br><br>TELEPHONE NO.: (619) 771-3473    FAX NO. *(Optional)*: (619) 255-1515<br>E-MAIL ADDRESS: ktrimble@singletonschreiber.com<br>ATTORNEY FOR *(Name)*: Plaintiff Jeanelle Couch | **FILED**<br><br>JAN 1 2 2024<br><br>SHASTA COUNTY SUPERIOR COURT<br>BY: K. McABEL, DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SHASTA
STREET ADDRESS: 1500 Court Street, Room 319
MAILING ADDRESS: 1500 Court Street, Room 319
CITY AND ZIP CODE: Redding, CA 96001
BRANCH NAME:

CASE NAME:
Couch v. State of California, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: **204058** |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [X] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify)*: See attachment
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 1/12/2024

Kimberly S. Trimble
_____
(TYPE OR PRINT NAME)                                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your **initial** paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/
 Property Damage/Wrongful Death)
 Tort**
 Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
 Product Liability *(not asbestos or
   toxic/environmental)* (24)
 Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
 Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
   Practice (07)
 Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
 Defamation (e.g., slander, libel)
   (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer
       or wrongful eviction)*
   Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
     Case
 Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
 Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
   Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
     domain, landlord/tenant, or
     foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
 Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
 Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-
     domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
     harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
   Governance (21)
 Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
     Claim
   Other Civil Petition

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Couch v. State of California, et al. | |

**ATTACHMENT** *(Number):* 4

*(This Attachment may be used with any Judicial Council form.)*

6 Causes of Action:

(1) 1. 42 U.S.C. §1983 Fourth Amendment – Excessive Force

(2) 2. 42 U.S.C. §1983 Eighth/Fourteenth Amendment – Failure to Provide Medical Care

(3) 3. 42 U.S.C. §1983 Fourteenth Amendment – Denial of Familial Relationship

(4) 4. Battery (Survival/Wrongful Death)

(5) 5. Negligence (Survival/Wrongful Death)

(6) 6. Violation of Cal. Civil Code §52.1

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __1__ of __1__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* DAVID COUCH, Sr.

**SINGLETON SCHREIBER, LLP**
Kimberly S. Trimble (SBN 288682)
ktrimble@singletonschreiber.com
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
(619) 860-0121

*Attorneys for Plaintiff* JEANELLE COUCH

FILED

JAN 12 2024

SHASTA COUNTY SUPERIOR COURT
BY: K. McABEL, DEPUTY CLERK

By Fax

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SHASTA

DAVID COUCH, Sr., and
JEANELLE COUCH; both
individually and as successors in
interest to DAVID COUCH, Jr.
Decedent,

      Plaintiffs,

      v.

STATE OF CALIFORNIA, by and
through CALIFORNIA HIGHWAY
PATROL; RYAN CATES; SHASTA
COUNTY; and DOES 1-20, inclusive,

      Defendants.

Case No.: **204058**

**COMPLAINT FOR DAMAGES**
1.  42 U.S.C. §1983 Fourth Amendment – Excessive Force
2.  42 U.S.C. §1983 Eighth/Fourteenth Amendment – Failure to Provide Medical Care
3.  42 U.S.C. §1983 Fourteenth Amendment – Denial of Familial Relationship
4.  Battery (Survival/Wrongful Death)
5.  Negligence (Survival/Wrongful Death)
6.  Violation of Cal. Civil Code §52.1

**DEMAND FOR JURY TRIAL**

1

1

## **COMPLAINT FOR DAMAGES**

2 COME NOW, Plaintiffs DAVID COUCH, Sr., and JEANELLE COUCH;

3 both individually and as successors in interest to Decedent DAVID COUCH, Jr.

4 for their Complaint against STATE OF CALIFORNIA, by and through

5 CALIFORNIA HIGHWAY PATROL; RYAN CATES; SHASTA COUNTY; and

6 DOES 1-20, inclusive and hereby alleges as follows:

7

8

## **JURISDICTION AND VENUE**

9     1.     This Court has jurisdiction over the present matter because, as

10 delineated herein, the nature of the claims and the amount in controversy

11 meet the requirements for jurisdiction in the Superior Court of the State of

12 California.

13     2.     Venue is proper in this Court under Section 395(a) of the

14 California Code of Civil Procedure because Defendants reside in the County

15 of Shasta and all incidents, events, and occurrences giving rise to this action

16 occurred in the County of Shasta, California.

17

18

## **INTRODUCTION**

19     3.     This civil rights and state tort action seeks compensatory and

20 punitive damages from Defendants for violating various rights under the

21 United States Constitution and state law in connection with the shooting of

22 Decedent, DAVID COUCH, Jr. ("COUCH"), on February 9, 2023. The

23 Defendants are liable under state law pursuant to Gov't Code §§815.2(a) and

24 820(a), and Cal. Civil Code §52.1. The Defendants are liable under the

25 Constitution of the United States pursuant to the Fourth and Fourteenth

26 Amendments brought under 42 U.S.C. §1983.

27

28

1

1       4.    Defendant Officer RYAN CATES ("CATES") caused Plaintiffs'

2   and decedent COUCH'S injuries when he used excessive and unreasonable

3   force, including deadly force, and killed decedent COUCH.

4       5.    Defendant Does 1-10, inclusive ("Officer DOES") caused

5   Plaintiffs' and decedent COUCH'S various injuries herein by integrally

6   participating or failing to intervene in the incident, and by engaging in other

7   acts and/or omissions around the time of the incident.

8       6.    Defendants STATE OF CALIFORNIA, by and through

9   CALIFORNIA HIGHWAY PATROL and DOES 8-10, inclusive, are

10  vicariously liable for the actions and inactions of RYAN CATES and DOES

11  1-10, inclusive.

12      7.    Defendants DOES 11-20, inclusive ("County Does") caused

13  Plaintiff Jeanelle Couch's and decedent COUCH'S various injuries herein by

14  failing to provide COUCH needed medical care, exhibiting deliberate

15  indifference to decedent COUCH'S serious medical needs, and breaching the

16  duty of care to decedent COUCH while decedent COUCH was in custody in

17  the Shasta County Jail from December 25, 2022, to February 8, 2023.

18      8.    This action is in the public interest as Plaintiffs seek by means of

19  this civil rights action to hold accountable those responsible for the shooting

20  of Decedent COUCH by Defendant CATES while acting under the color of

21  state law and within the course and scope of his employment with the

22  California Highway Patrol.

23

24  **THE PARTIES**

25      9.    At all relevant times, Decedent, DAVID COUCH, Jr.

26  ("COUCH"), was an individual residing in the City of Redding, California.

27      10.    At all relevant times, Plaintiff DAVID COUCH, Sr. was and is

28  the natural father of COUCH. DAVID COUCH, Sr. brings this action both in

1  his individual capacity for wrongful death damages as the father of COUCH
2  and in a representative capacity as COUCH'S successor-in-interest pursuant
3  to California Code of Civil Procedure §377.60. DAVID COUCH, Sr. seeks
4  both survival and wrongful death damages under federal and state law.

5      11.   At all relevant times, Plaintiff JEANELLE COUCH was and is
6  the natural mother of COUCH. Plaintiff JEANELLE COUCH brings this
7  action both in her individual capacity for wrongful death damages as the
8  mother of COUCH and in a representative capacity as COUCH'S successor-
9  in-interest pursuant to California Code of Civil Procedure §377.60. Plaintiff
10 JEANELLE COUCH seeks both survival and wrongful death damages under
11 federal and state law.

12     12.   At all relevant times, Defendant STATE OF CALIFORNIA
13 ("STATE"), by and through the CALIFORNIA HIGHWAY PATROL
14 ("CHP") has the capacity to be sued. The Ninth Circuit has recognized that
15 the CHP is an arm of the STATE, thus Defendant STATE and Defendant
16 CHP can be used interchangeably for the purposes of this action. Defendant
17 STATE is responsible for the actions, omissions, policies, procedures,
18 practices, and customs of its various agents and agencies, including the CHP
19 and its agents and employees. At all relevant times, Defendant STATE was
20 responsible for assuring that the actions, omissions, policies, procedures,
21 practices, and customs of the CHP and its employees and agents complied
22 with the laws of the United States and of the State of California. At all
23 relevant times, STATE was the employer of Defendant Officer RYAN
24 CATES and DOES 1-10, inclusive. Defendant STATE and CHP are not
25 being sued individually or directly by this action but are parties to this action
26 under the theory of respondeat superior as Defendant STATE/CHP is
27 vicariously liable for the actions of its CHP officers.

28     13.   At all relevant times, Defendant Officer RYAN CATES

COMPLAINT FOR DAMAGES

1  ("CATES") was a duly appointed CHP Police Officer and/or employee or
2  agent of STATE and CHP, subject to the oversight and supervision of
3  STATE and CHP'S elected and non-elected officials. At all relevant times,
4  Defendant CATES acted under color of law, to wit, under the color of the
5  statutes, ordinances, regulations, policies, customs, and usages of Defendant
6  STATE and CHP and under the color of the statutes and regulations of the
7  State of California. At all relevant times, CATES acted within the course and
8  scope of his employment as a STATE and CHP Officer. On information and
9  belief, Defendant CATES is and was at all relevant times a resident of this
10  judicial district.

11      14.    At all relevant times, Defendant Officers DOES 1-7, inclusive
12  ("Officer DOES"), were officers working for CHP. Defendant Officer DOES
13  were acting under color of law and within the course and scope of their
14  duties as officers for the CHP. Defendant Officer DOES were acting with
15  complete authority and ratification of their principal, Defendant STATE.

16      15.    Defendants DOES 8-10, inclusive ("Supervisors DOES"), are
17  managerial, supervisorial, or policymaking employees of the STATE and
18  CHP who were acting under color of law within the course and scope of their
19  duties as officers for the STATE and CHP. Defendant DOE Supervisors
20  DOES were acting with complete authority and ratification of their principal,
21  Defendant STATE and CHP.

22      16.    On information and belief, Defendant DOES 1-10, inclusive,
23  were residents of this judicial district.

24      17.    In doing the acts and failing and omitting to act as hereinafter
25  described, Defendants Officer DOES were acting on the implied and actual
26  permission and consent of Defendants STATE, including CHP and
27  Supervisors DOES.

28      18.    In doing the acts and failing and omitting to act as hereinafter

4

1    described, Defendants DOES 1-10, inclusive, were acting on the implied and
2    actual permission and consent of the STATE and CHP.

3        19.    The true names and capacities, whether individual, corporate,
4    association or otherwise of Defendants DOES 1-10, inclusive, are unknown
5    to Plaintiffs, who otherwise sues these Defendants by such fictitious names.
6    Plaintiffs will seek leave to amend this complaint to show the true names and
7    capacity of these Defendants when they have been ascertained. Each of the
8    fictitiously named Defendants is responsible in some manner for the conduct
9    or liabilities alleged herein.

10        20.    At all times mentioned herein, Defendant CATES and each and
11    every Defendant DOE 1-10 was the agent of each and every other Defendant
12    DOE 1-10 and Defendant CATES and had the legal duty to oversee and
13    supervise the hiring, conduct, and employment of each and every Defendant
14    DOE 1-10 and Defendant CATES.

15        21.    At all relevant times, Defendant SHASTA COUNTY
16    ("COUNTY") is and was a municipal corporation existing under the laws of
17    the State of California. COUNTY is a chartered subdivision of the State of
18    California with the capacity to be sued. COUNTY is responsible for the
19    actions, omissions, policies, procedures, practices, and customs of its various
20    agents and agencies, including the Shasta County Sheriff's Department
21    ("SCSD") and its agents and employees including Defendant DOES 11-20.
22    At all relevant times, Defendant COUNTY was responsible for assuring that
23    the actions, omissions, policies, procedures, practices, and customs of the
24    SCSD and its employees and agents complied with the laws of the United
25    States and of the State of California. At all relevant times, COUNTY was the
26    employer of Defendant DOES 11-20, inclusive. Plaintiffs further allege that
27    Defendant COUNTY is vicariously liable for compensatory damages under
28    Plaintiffs' state law claims against Defendant DOES 11-20, given Plaintiffs'

5

allegations that the officers who committed the acts and omissions complained of herein were acting in the course and scope of their employment at the time that the acts and omissions occurred. Plaintiff makes no claim for punitive damages against the Defendant COUNTY.

22.   Defendant DOES 11-20, inclusive ("County DOES") were individuals working for Defendant Shasta COUNTY. Defendant County DOES were acting under color of state law and within the course and scope of their duties as employees of COUNTY. Defendant County DOES were acting with complete authority and ratification of their principal, Defendant COUNTY.

23.   On information and belief, Defendant County DOES 11-20, inclusive were residents of this judicial district.

24.   In doing the acts and failing and omitting to act as hereinafter described, Defendant County DOES 11-20 were acting on the implied and actual permission and consent of Defendant COUNTY.

25.   The true names and capacities, whether individual, corporate, association, or otherwise of Defendant DOES 11-20, inclusive are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities allege herein.

26.   At all times mentioned herein, each and every Defendant County DOE 11-20 was the agent of each and every other Defendant County DOE and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant County DOE 11-20.

27.   All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through

6

1   their authorized agents, servants, and/or employees, all of whom at all
2   relevant times herein were acting within the course, purpose, and scope of
3   said agency, service, and/or employment capacity. Moreover, Defendants
4   and their agents ratified all the acts complained of herein.

5      28.    All Defendants who are natural persons, including Defendant
6   CATES and DOES 1-10, inclusive, are sued individually and/or in his/her
7   capacity as officers, deputies, investigators, sergeants, captains,
8   commanders, supervisors, and/ or civilian employees, agents, policy makers,
9   and representatives of the STATE and CHP.

10     29.    All Defendants who are natural persons, including DOES 11-20,
11  inclusive, are sued individually and/or in his/her official capacity as officers,
12  deputies, investigators, sergeants, captains, commanders, supervisors, and/or
13  civilian employees, agents, policy makers, and representatives of the
14  COUNTY and SCSD.

15     30.    Decedent COUCH suffered serious bodily injury and death as a
16  direct and proximate result of the actions and inactions of Defendants
17  CATES and DOES 1-20, inclusive. Defendants CATES and DOES 1-20,
18  inclusive are directly liable for Decedent COUCH'S injuries under federal
19  law pursuant to 42 U.S.C. §1983 and state law. Defendants STATE and CHP
20  are vicariously liable for the actions and inactions of Defendants CATES and
21  DOES 1-10, inclusive. Defendant COUNTY is vicariously liable for the
22  actions and inactions of Defendant DOES 11-20, inclusive.

23     31.    Plaintiffs DAVID COUCH, Sr. and JEANELLE COUCH
24  suffered the loss of their son as a direct and proximate result of the actions
25  and inactions of Defendants CATES and DOES 1-20, inclusive. Defendants
26  CATES and DOES 1-20, inclusive, are directly liable for Plaintiffs' loss,
27  injuries, and damages under federal and state law.

28     32.    Plaintiffs DAVID COUCH, Sr. and JEANELLE COUCH timely

1  served their claims for damages with the STATE pursuant to applicable

2  sections of the California Government Code.

3      33.    Plaintiffs' claims were denied by STATE by written notices of

4  rejection of claims and by operation of law.

5      34.    Plaintiff JEANELLE COUCH timely served her claims for

6  damages with the COUNTY pursuant to applicable sections of the California

7  Government Code.

8      35.    Plaintiff JEANELLE COUCH'S claims were denied by

9  COUNTY by written notice of rejection of claims and by operation of law.

10

11              **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

12     36.    Plaintiffs repeat and re-allege each and every allegation of

13  paragraphs 1 through 35, inclusive, as if fully set forth herein.

14     37.    Decedent COUCH was arrested on or around December 25,

15  2022.

16     38.    Prior to his arrest on December 25, 2022, Decedent COUCH had

17  been diagnosed with serious mental illness and had been prescribed multiple

18  antipsychotic medications that were required to be taken in tandem.

19     39.    Decedent COUCH pleaded guilty/nolo contendere on or around

20  January 10, 2023, and he was sentenced on or around February 8,

21  2023.Decedent COUCH was held in custody in the Shasta County Jail from

22  December 25, 2022, until February 8, 2023, when he was released.

23     40.    While Decedent COUCH was in custody in Shasta County Jail,

24  he was held in solitary confinement due to his serious mental illness.

25     41.    While Decedent COUCH was in custody in Shasta County Jail,

26  Defendant DOES 11-20 undertook to prescribe medication and treatment for

27  COUCH's mental illness. Yet, in committing to this undertaking,  from

28  December 22, 2022, through February 8, 2023, Defendants DOES 11-20

1   prescribed improper medication and inappropriate treatment that fell below

2   the reasonable standard of care.

3       42.     When Decedent COUCH was released from Shasta County Jail

4   on February 8, 2023, he was suffering the exacerbated effects of his

5   untreated serious mental illness caused by Decedent COUCH not receiving

6   the appropriate medical care by Defendant DOES 11-20.

7       43.     Decedent COUCH'S behavior on the day of release indicated

8   that he was in the midst of a manic episode. Nevertheless, upon information

9   and belief, Defendant DOES 11-20 released him without information as to

10  where to continue treatment and without a follow-up appointment for his

11  mental health condition.

12      44.     The following day, on February 9, 2023, at approximately 5:45

13  p.m., still in the throes of this manic episode, Defendant CHP Officer

14  CATES responded to Decedent COUCH'S residence, in the area of 3060

15  Island Drive, City of Redding, County of Shasta, California. Defendants

16  CATES and DOES 1-10, inclusive, knew or should have known that

17  Decedent COUCH suffered from a mental illness.

18      45.     Defendants CATES was not responding Code 3, with lights and

19  sirens, to the property. Upon information and belief, Defendant CATES was

20  not responding to a serious or violent crime. Defendant CATES had no

21  information that any person was hurt or about to be harmed at the scene.

22  Defendant CATES had no information that Decedent COUCH had harmed

23  any person. Defendant CATES had no information that Decedent COUCH

24  had committed a crime or was about to commit a crime.

25      46.     Defendant CATES stopped and parked his patrol vehicle in the

26  driveway of the residence blocking the white car in the driveway. Decedent

27  COUCH was in the driver's seat of that car with the door open. Defendant

28  CATES exited his patrol vehicle and immediately pointed his firearm at

1 Decedent COUCH and started yelling commands at Decedent COUCH.

2 Decedent COUCH calmly exited the car and walked slowly to the front of

3 Defendant CATES'S patrol vehicle and stopped, holding only his cell phone

4 in his hand in a manner as though he was texting.

5     47.    Defendant CATES knew or should have known that Decedent

6 COUCH was suffering from a mental health crisis based on his demeanor,

7 conduct, behavior, and speech. Nevertheless, instead of calling and waiting

8 for backup and additional resources, Defendant CATES, with his firearm still

9 pointed at Decedent COUCH, aggressively approached Decedent COUCH

10 who was not moving and had already shown acts of compliance.

11     48.    Once Defendant CATES got close to Decedent COUCH,

12 Defendant CATES reached out with his left hand and started to grab and pull

13 Decedent COUCH towards the patrol vehicle while his right hand held his

14 firearm cocked back, muzzle pointed at Decedent COUCH'S face and chest.

15     49.    Upon information and belief, Defendant CATES did not give

16 Decedent COUCH any further commands or instructions as he approached

17 and did not tell Decedent COUCH that he was under arrest.

18     50.    Upon information and belief, out of fear of Defendant CATES'S

19 actions and knowing he was merely standing in his driveway in compliance

20 and not breaking any law, Decedent COUCH drew away from Defendant

21 CATES assault.

22     51.    Upon information and belief, Defendant CATES had several

23 lethal weapons and less-intrusive alternatives to the use of deadly force in

24 his person and within his patrol vehicle.

25     52.    Defendant CATES then escalated the situation by attacking

26 Decedent COUCH, who was confused and suffering from a mental health

27 crisis.

28     53.    Defendant CATES failed to give adequate commands to

Decedent COUCH and failed to give Decedent COUCH an opportunity to comply with commands prior to their use of excessive and unreasonable force.

54.   Defendant CATES failed to give Decedent COUCH a verbal warning that deadly force would be used prior to the use of deadly force and failed to give Decedent COUCH an opportunity to heed any warning prior to their use of excessive and unreasonable force.

55.   Defendant CATES used excessive force by firing multiple shots from his firearm at Decedent COUCH. The use of force against Decedent COUCH was excessive and objectively unreasonable under the circumstances, especially because Decedent COUCH was mentally ill and not attempting to flee, and Defendant CATES had the opportunity to use time, space, and cover but failed to do so. Upon information and belief, Decedent COUCH did not verbally threaten to harm Defendant CATES, was not armed with a firearm, and did not pose an immediate threat of death or serious bodily injury to anyone at any time immediately prior to or during the use of force. Further, Defendant CATES discharged his firearm with a purpose to harm and a specific intent to violate Decedent COUCH'S constitutional rights, evidenced by his deliberate indifference and reckless disregard for Decedent COUCH'S constitutional rights.

56.   As a direct and proximate result of Defendant CATES'S use of excessive and force, Decedent COUCH suffered multiple gunshot wounds, suffered serious bodily injury, including pain and suffering, disfigurement, loss of life, loss of opportunity of life, and loss of enjoyment of life.

57.   Plaintiffs DAVID COUCH, Sr. and JEANELLE COUCH bring this action as successor-in-interest to Decedent COUCH as defined in Section 377.11 of the California Code of Civil Procedure as the natural father and mother of Decedent COUCH, respectively.

11

58.   As a direct and proximate result of the wrongful death of
Decedent COUCH, Plaintiffs have suffered the loss of Decedent COUCH'S
love, care, comfort, society, companionship, assistance, protection, affection,
moral support, financial support, and loss of services.

## FIRST CLAIM FOR RELIEF

**Fourth Amendment—Excessive Force (42 U.S.C. §1983)**

(Plaintiffs against Defendants CATES and DOES 1-10, inclusive)

59.   Plaintiffs repeat and re-allege each and every allegation in
paragraphs 1 through 58 of this Complaint with the same force and effect as
if fully set forth herein.

60.   Plaintiffs bring this claim for relief in their capacity as the
successors in interest of Decedent COUCH under California Code of Civil
Procedure §377.30. This claim for relief arose in Decedent COUCH'S favor,
and Decedent COUCH would have been the plaintiff with respect to this
cause of action had he lived.

61.   Defendants CATES and DOES 1-10, inclusive acted within the
course and scope of their employment as police officers for the Defendant
STATE and CHP and acted under color of state law.

62.   The Fourth Amendment of the United States Constitution, as
applied to State Actors by the Fourteenth Amendment, provides the right of
every person to be free from the use of excessive force by police officers.

63.   Defendants CATES and DOES 1-10, inclusive, failed to employ
tactics to de-escalate the situation, failed to give Decedent COUCH the time
and space to understand the presence of law enforcement, failed to give
Decedent COUCH proper commands and the time to comply with those
commands, failed to give Decedent COUCH the opportunity to cooperate
with law enforcement instructions, and failed to give Decedent COUCH a

12

1  verbal warning prior to the use of deadly force even though it was feasible to

2  do so.

3      64.    Defendant CATES used excessive force against Decedent

4  COUCH when Defendants CATES grabbed, pulled, attacked, and shot

5  Decedent COUCH several times. Defendant CATES'S unjustified use of

6  force deprived Decedent COUCH of his right to be secure in his person

7  against unreasonable searches and seizures as guaranteed to Decedent

8  COUCH under the Fourth Amendment to the United States and applied to

9  state actors by the Fourteenth Amendment.

10     65.    As a result of the foregoing, Decedent COUCH suffered great

11 physical and mental injury, fear, pain, and emotional distress up to the time

12 of his death, disfigurement, loss of enjoyment of life, loss of opportunity of

13 life, loss of life, and loss of earning capacity.

14     66.    The conduct of Defendants CATES and DOES 1-10, inclusive

15 was willful, wanton, malicious, and done with reckless disregard for the

16 rights and safety of Decedent COUCH, and therefore warrants the imposition

17 of exemplary and punitive damages as to Defendants CATES and DOES 1-

18 10, inclusive.

19     67.    The use of force was excessive and unreasonable, especially

20 because Decedent COUCH posed no immediate threat of death or serious

21 bodily injury at the time of Defendants CATES'S use of force or at any time

22 immediately prior to Defendants CATES'S use of force. Decedent COUCH

23 was not attempting to evade or resist by flight and no warning was given

24 prior to the use of deadly force. Defendant CATES was not responding to a

25 serious or violent crime, and there were several less intrusive alternatives

26 available to Defendants CATES. Further, Defendant CATES'S use of force

27 violated his training and standard police officer training.

28     68.    As a result of their misconduct, Defendants CATES and DOES

13

1  1-10, inclusive, are liable for Decedent COUCH'S injuries, either because
2  they were integral participants in the excessive force, or because they failed
3  to intervene to prevent these violations.

4     69.    Plaintiffs seek survival damages on behalf of Decedent COUCH,
5  including but not limited to pre-death pain and suffering, loss of life, loss of
6  opportunity of life, and loss of enjoyment of life, under this claim. Plaintiffs
7  also seek attorneys' fees and costs under this claim.

8

9              **SECOND CLAIM FOR RELIEF**
10     **Eighth/Fourteenth Amendment – Failure to Provide Medical Care**
11                 **(42 U.S.C. § 1983)**
12         (Plaintiffs against Defendants DOES 11-20, inclusive)

13     70.    Plaintiffs repeat and re-allege each and every allegation of
14  paragraphs 1 through 69, inclusive, as if fully set forth herein.

15     71.    Defendants DOES 11-20 were acting under color of state law at
16  all times relevant to this complaint as employees of Shasta County.

17     72.    It was objectively clear that Decedent COUCH had a serious
18  medical need for treatment for his serious mental illness when he was a
19  detainee in Shasta County Jail from December 25, 2022, to February 8, 2023.

20     73.    As a detainee in Shasta County Jail, Decedent COUCH was
21  entitled to constitutionally adequate mental health care. *See Doty v. Cty. of*
22  *Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) (holding that "the requirements for
23  mental health care are the same as those for physical health care needs").

24     74.    From December 25, 2022, to at least January 10, 2023, Defendants
25  DOES 11-20 failed to provide needed medical care to pretrial detainee
26  Decedent COUCH for his serious medical needs by making the intentional
27  decision to keep Decedent COUCH in solitary confinement, which put
28  decedent COUCH at substantial risk of suffering serious harm even though a

1   reasonable officer under the circumstances would have understood the high
2   degree of risk involved when solitary confinement had an obvious detrimental
3   effect on decedent COUCH'S mental health.

4       75.    Defendants DOES 11-20 also failed to provide needed medical
5   care to pretrial detainee Decedent COUCH for his serious medical needs from
6   December 25, 2022, to at least January 10, 2023, by making the intentional
7   decision to fail to provide Decedent COUCH with proper medical care despite
8   the clear need for treatment for his serious mental illness. These actions and
9   failures to act put decedent COUCH at substantial risk of suffering serious
10  harm even though a reasonable officer under the circumstances would have
11  understood the high degree of risk involved in failing to provide decedent
12  COUCH with proper medical care for his serious mental illness.

13      76.    From January 10, 2023, to February 8, 2023, Defendants DOES
14  11-20 knew of detainee Decedent COUCH'S medical need and were
15  deliberately indifferent to Decedent COUCH'S serious medical needs by
16  disregarding it and failing to take reasonable measures to address it.
17  Specifically, Defendants DOES 11-20 made the intentional decision to keep
18  Decedent COUCH in solitary confinement, which put decedent COUCH at
19  substantial risk of suffering serious harm even though a reasonable officer
20  under the circumstances would have understood the high degree of risk
21  involved when solitary confinement had an obvious detrimental effect on
22  decedent COUCH'S mental health.

23      77.    Defendants DOES 11-20 were also deliberately indifferent to
24  Decedent COUCH'S serious medical needs from January 10, 2023, to
25  February 8, 2023, by making the intentional decision to fail to provide
26  Decedent COUCH with proper medical care despite the clear need for
27  treatment for his serious mental illness. *See Disability Rts. Montana, Inc. v.*
28  *Batista*, 930 F.3d 1090, 1098 (9th Cir. 2019) (denying motion to dismiss

15

1   claims of deliberate indifference under the Eighth Amendment standard when
2   the complaint alleged, inter alia, "that prisoners with serious mental illness are
3   denied diagnosis and treatment of their conditions, [and] described a
4   distressing pattern of placing mentally ill prisoners in solitary confinement for
5   'weeks and months at a time' without significant mental health care...").

6       78.   Specifically, Defendant DOES 11-20 held Decedent COUCH in
7   solitary confinement based on his serious mental illness, denied Decedent
8   COUCH significant mental health care, and never prescribed or administered
9   appropriate medication for Decedent COUCH'S serious mental illness at
10  Shasta County Jail from December 22, 2022, through February 8, 2023. These
11  acts and omission caused harmed to Decedent COUCH, who was suffered the
12  effects of his serious mental illness that had not been appropriately treated at
13  the time of his release on February 8, 2023.

14      79.   As a result of their misconduct, Defendant DOES 11-20 are liable
15  to Plaintiffs, either because they were integral participants in the wrongful
16  detention and arrest, or because they failed to intervene to prevent these
17  violations.

18      80.   The conduct of Defendants DOES 11-20, inclusive was willful,
19  wanton, malicious, and done with reckless disregard for the rights and safety
20  of Decedent COUCH and Plaintiffs and therefore warrants the imposition of
21  exemplary and punitive damages as to Defendants.

22      81.   Plaintiffs bring this claim individually and as successors-in-
23  interest to Decedent COUCH and seek survival damages. Plaintiffs also seek
24  attorney's fees and costs under this claim.

25

26                   **THIRD CLAIM FOR RELIEF**

27  **Fourteenth Amendment – Denial of Familial Relationship (42 U.S.C. §1983)**

28  (Plaintiffs against Defendants CATES and DOES 1-10, inclusive and Defendant

16

1 |     DOES 11-20, inclusive)

2 |     82.   Plaintiffs repeat and re-allege each and every allegation of

3 | paragraphs 1 through 81, inclusive, as if fully set forth herein.

4 |     83.   Defendants CATES and DOES 1-10, inclusive acted within the

5 | course and scope of their employment as police officers for the Defendant

6 | STATE and CHP and acted under color of state law. Defendant DOES 11-20,

7 | inclusive acted within the course and scope of their employment as

8 | COUNTY officials for the Defendant COUNTY and acted under color of

9 | state law.

10 |     84.   Plaintiffs had a cognizable interest under the Due Process Clause

11 | of the Fourteenth Amendment of the United States Constitution to be free

12 | from state actions that deprive them of life, liberty, or property in such a

13 | manner as to shock the conscience, including but not limited to unwarranted

14 | state interference in Plaintiffs' familial relationship with their son, Decedent

15 | COUCH.

16 |     85.   Decedent COUCH had a cognizable interest under the Due

17 | Process Clause of Fourteenth Amendment of the United States Constitution

18 | to be free from state actions that deprive him of life, liberty, or property in

19 | such a manner as to shock the conscience.

20 |     86.   The aforementioned actions of Defendants CATES and DOES 1-

21 | 20, inclusive, along with other undiscovered conduct, shock the conscience,

22 | in that they acted with deliberate indifference to the constitutional rights of

23 | Decedent COUCH and Plaintiffs, and with purpose to harm unrelated to any

24 | legitimate law enforcement objective.

25 |     87.   As a direct and proximate result of these actions, Decedent

26 | COUCH experienced pain and suffering and eventually died. Defendants

27 | CATES and DOES 1-20, inclusive, thus violated the substantive due process

28 | rights of Plaintiffs to be free from unwarranted interference with their

17

1  familial relationship with Decedent COUCH.

2      88.    As a direct and proximate cause of the acts of Defendants

3  CATES and DOES 1-20, inclusive, Plaintiffs have also been deprived of the

4  life-long love, companionship, comfort, support, society, care, and

5  sustenance of Decedent COUCH, and will continue to be so deprived for the

6  remainder of their natural lives.

7      89.    As a result of their misconduct, Defendants are liable to

8  Plaintiffs, either because they were integral participants in the wrongful

9  detention and arrest, or because they failed to intervene to prevent these

10  violations.

11      90.    The conduct of Defendants CATES and DOES 1-20, inclusive

12  was willful, wanton, malicious, and done with reckless disregard for the

13  rights and safety of Decedent COUCH and Plaintiffs and therefore warrants

14  the imposition of exemplary and punitive damages as to Defendants.

15      91.    Plaintiffs bring this claim individually and seek individual death

16  damages for the violation of their rights. Plaintiffs also seek attorney's fees

17  and costs under this claim.

18

19              **FOURTH CLAIM FOR RELIEF**

20      **Battery (Cal. Govt. Code §820 and California Common Law)**

21      (Plaintiffs against Defendants CATES and DOES 1-10, inclusive directly, and

22              Defendants STATE and CHP vicariously)

23      92.    Plaintiffs repeat and re-allege each and every allegation of

24  paragraphs 1 through 91, inclusive, as if fully set forth herein.

25      93.    Defendants CATES and DOES 1-10, inclusive, acted within the

26  course and scope of their employment as police officers for the Defendant

27  STATE and CHP and acted under color of state law.

28      94.    Defendant CATES intentionally shot Decedent COUCH multiple

1    times. As a result of the actions of Defendant CATES, Decedent COUCH
2    was seriously injured and died. Defendant CATES had no legal justification
3    for using force, including deadly force, against Decedent COUCH, and
4    Defendant CATES' use of force while carrying out his duties as officers was
5    unreasonable under the circumstances.

6        95.    At all relevant times, Decedent COUCH was not an immediate
7    threat of death or serious bodily injury to anyone, including Defendant
8    CATES, no warning was given that deadly force was going to be used prior
9    to the use of deadly force, and less than lethal alternatives were available to
10   Defendant CATES.

11       96.    Defendants STATE and CHP are vicariously liable for the
12   wrongful acts of Defendants CATES and DOES 1-10, inclusive pursuant to
13   section 815.2 of the California Government Code, which provides that a
14   public entity is liable for injuries caused by its employees within the scope
15   of the employment is the employees' acts would subject them to liability.

16       97.    The conduct of Defendants CATES and DOES 1-10, inclusive
17   was malicious, wanton, oppressive, and accomplished with a conscious
18   disregard for the rights of Decedent COUCH, entitling Plaintiffs to an award
19   of exemplary and punitive damages against Defendants CATES and Does 1-
20   10.

21       98.    Plaintiffs seek survival, wrongful death, and punitive damages
22   under this claim. *See* CCP §§ 337.30; 377.60.

23

24                        **FIFTH CLAIM FOR RELIEF**
25      **Negligence (Cal. Govt. Code §820 and California Common Law)**
26      (Plaintiffs against Defendants CATES and DOES 1-10, inclusive directly, and
27   Defendants STATE and CHP vicariously; and Defendant DOES 11-20, inclusive
28               directly, and Defendant COUNTY vicariously)

                                  19

99.   Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 98, inclusive, as if fully set forth herein.

100.   Defendants CATES and DOES 1-10, inclusive acted within the course and scope of their employment as police officers for the Defendant STATE and CHP and acted under color of state law. Defendant DOES 11-20, inclusive acted within the course and scope of their employment as COUNTY officials for the Defendant COUNTY and acted under color of state law.

101.   Peace officers, including Defendants CATES and DOES 1-10, inclusive have a duty to use reasonable care to prevent harm and injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving appropriate warnings, use of de-escalation techniques, and not using any force unless necessary, using the least amount of force necessary, and only using deadly force as a last resort, and providing timely medical care for a person the Defendants CATES and DOES 1-10, inclusive intentionally harmed. These duties also include the responsibility of Defendants CATES and DOES 1-10, inclusive to follow their training and policies, and the responsibility of Defendants DOES 8-10 to ensure Defendants CATES and DOES 1-7 are properly trained and equipped to perform their duties in accordance with the department policies, and properly investigate and report on their use of force incidents.

102.   Defendants CATES and DOES 1-10, inclusive breached their duty of care. Upon information and belief, the actions and inactions of Defendants CATES and DOES 1-10, inclusive were negligent and reckless, including but not limited to: the failure to properly and adequately assess the need to use force against Decedent COUCH; and the negligent tactics and handling of the situation with Decedent COUCH, including pre-shooting negligence and failure to utilize de-escalation techniques.

COMPLAINT FOR DAMAGES

103.   As alleged herein, Decedent COUCH was a detainee at the Shasta County Jail between December 25, 2022, and February 8, 2023. Shasta County Jail is run by the COUNTY of Shasta, which has the obligation to provide adequate medical treatment to detainees therein. Defendant DOES 11-20 were County employees working at the Shasta County Jail whose duties included but were not limited to: the duty to use reasonable care once undertaking to prescribe for mental illness or addiction.

104.   Defendants DOES 11-20 undertook to prescribe medication and treatment for Decedent COUCH'S mental illness. In doing so, Defendants DOES 11-20 failed to use reasonable care; they prescribed improper medication and inappropriate treatment for Decedent COUCH. As a result, Decedent COUCH was in the midst of a manic episode when he was released from custody on February 8, 2023.

105.   Defendants DOES 11-20 breached their duty of care and caused irreparable harm to Decedent COUCH, including physical pain and suffering, terror, mental anguish, humiliation, and degradation.

106.   Defendants' indifference was callous and cruel, constituting malice as defined in California Civil Code § 3294. Plaintiffs should recover, in addition to actual damages, exemplary and punitive damages to make an example of and to punish defendants, in an amount according to proof.

107.   As a direct and proximate result of Defendants CATES and DOES 1-20, inclusive conduct as alleged above, and other undiscovered negligent conduct, Decedent COUCH was caused to suffer severe past and future mental and physical pain and suffering, loss of enjoyment of life, and loss of life.

108.   At all relevant times, Decedent COUCH was not an immediate threat of death or serious bodily injury to anyone, no warning was given that deadly force was going to be used prior to the use of deadly force, and less

21

1   than lethal alternatives were available to Defendants CATES and DOES 1-
2   10, inclusive.

3       109.   Defendants STATE and CHP is vicariously liable for the
4   wrongful acts of Defendants CATES and DOES 1-10, inclusive pursuant to
5   section 815.2(a) of the California Government Code, which provides that a
6   public entity is liable for the injuries caused by its employees within the
7   scope of the employment if the employees' act would subject him or her to
8   liability.

9       110.   Defendant COUNTY is vicariously liable for the wrongful acts
10  of Defendant DOES 11-20, inclusive pursuant to section 815.2(a) of the
11  California Government Code, which provides that a public entity is liable for
12  the injuries caused by its employees within the scope of the employment if
13  the employees' act would subject him or her to liability.

14      111.   The conduct of Defendants CATES and DOES 1-20, inclusive
15  was malicious, wanton, oppressive, and accomplished with a conscious
16  disregard for the rights of Decedent COUCH, entitling Plaintiffs to an award
17  of exemplary and punitive damages against Defendants CATES and DOES
18  1-20.

19      112.   Plaintiffs seek survival, wrongful death, and punitive damages
20  under this claim. *See* CCP §§ 337.30; 377.60.

21
22              **SIXTH CLAIM FOR RELIEF**
23             **Violation of Cal. Civ. Code §52.1**
24  (Plaintiffs against Defendants CATES and DOES 1-10, inclusive directly, and
25              Defendants STATE and CHP vicariously)
26      113.   Plaintiffs repeat and re-allege each and every allegation in
27  paragraphs 1 through 112 of this Complaint with the same force and effect as
28  if fully set forth herein.

1    114.  Defendants CATES and DOES 1-10, inclusive acted within the

2    course and scope of their employment as police officers for the Defendant

3    STATE and CHP and acted under color of state law.

4    115.  The Bane Act, the California Constitution and California

5    common law prohibit the use of excessive force by law enforcement.

6    California Civil Code, Section 52.1(b) authorizes a private right of action

7    and permits survival actions for such claims. "[A] successful claim for

8    excessive force under the Fourth Amendment provides the basis for a

9    successful claim under § 52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d

10   1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012,

11   1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under §

12   52.1 are the same as under § 1983."); *Bender v. Cnty. of L.A.*, 217

13   Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by

14   unnecessary, deliberate and excessive force—is [] within the protection of

15   the Bane Act").

16   116.  On information and belief, Defendants CATES and DOES 1-10,

17   inclusive, while working for the STATE and CHP and acting within the

18   course and scope of their duties, intentionally committed, and attempted to

19   commit acts of violence against Decedent COUCH, including by using

20   excessive force against him without justification or excuse, by integrally

21   participating and failing to intervene in the above violence, and by denying

22   him necessary medical care.

23   117.  When Defendants unnecessarily shot Decedent COUCH with

24   lethal and .40 mm rounds, they interfered, by threats, intimidation, or

25   coercion, with his civil rights to be free from unreasonable searches and

26   seizures, to due process, to equal protection of the laws, to medical care, to

27   be free from state actions that shock the conscience, and to life, liberty, and

28   property.

1      118.  On information and belief, Defendants CATES and DOES 1-10,

2   inclusive intentionally and spitefully committed the above acts to discourage

3   Decedent COUCH from exercising his civil rights, to retaliate against him

4   for invoking such rights, or to prevent him from exercising such rights,

5   which they were fully entitled to enjoy. Defendants CATES and DOES 1-10,

6   inclusive acted with reckless disregard to Decedent COUCH's constitutional

7   rights.

8      119.  On information and belief, Decedent COUCH reasonably

9   believed and understood that the violent acts committed by Defendants were

10  intended to discourage them from exercising the above civil rights, to

11  retaliate against them, or invoking such rights, or to prevent them from

12  exercising such rights.

13     120.  Defendants successfully interfered with the above civil rights of

14  Decedent COUCH and Plaintiffs.

15     121.  Decedent COUCH was caused to suffer severe pain and

16  suffering, loss of enjoyment of life and loss of life. The conduct of

17  Defendants was a substantial factor in causing the harm, losses, injuries, and

18  damages of Decedent COUCH.

19     122.  Defendant STATE and CHP are vicariously liable for the

20  wrongful acts of Defendants CATES and DOES 1-10, inclusive under

21  California law and the doctrine of *respondeat superior*.

22     123.  Defendant STATE and CHP are vicariously liable for the

23  wrongful acts of Defendants CATES and DOES 1-10, inclusive pursuant to

24  section 815.2(a) of the California Government Code, which provides that a

25  public entity is liable for the injuries caused by its employees within the

26  scope of the employment if the employee's acts would subject him or her to

27  liability.

28     124.  The conduct of the individual Defendants CATES and DOES 1-

10, inclusive was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and Decedent COUCH in that Plaintiffs' and Decedent COUCH'S constitutional rights were intentionally deprived and violated, and/or there was reckless disregard for constitutional rights of Plaintiffs and Decedent COUCH. As such, the aforementioned conduct entitles Plaintiffs and Decedent COUCH to an award of exemplary and punitive damages against Defendants CATES and DOES 1-10.

125.   Plaintiffs also seek survival damages, costs and attorneys' fees under this claim.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs DAVID COUCH, Sr., and JEANELLE COUCH for their Complaint against STATE OF CALIFORNIA, by and through CALIFORNIA HIGHWAY PATROL; RYAN CATES; SHASTA COUNTY; and DOES 1-20, inclusive, as follows:

1. For compensatory damages according to proof at trial, including both survival damages, individual damages, and wrongful death damages under federal and state law.

2. For funeral and burial expenses, loss of financial support, loss of gifts and benefits, and loss of household services.

3. For punitive and exemplary damages against the individual defendants in an amount to be proven at trial.

4. For statutory damages.

5. For reasonable attorneys' fees including litigation expenses.

6. For costs of suit and interest incurred herein.

7. For such other and further relief as the Court may deem just, proper, and appropriate.

COMPLAINT FOR DAMAGES

1

DATED: January 12, 2024

LAW OFFICES OF DALE K. GALIPO

2

LAW OFFICES OF GRECH & PACKER

3

By: _____

4

Dale K. Galipo, Esq.

Marcel F. Sincich, Esq.

5

Trenton C. Packer, Esq.

*Attorneys for Plaintiff* DAVID COUCH, Sr.

6

7

DATED: January 12, 2024

SINGLETON SCHREIBER, LLP

8

By: _____

9

Kimberly S. Trimble, Esq.

*Attorneys for Plaintiff* JEANELLE COUCH

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

26

COMPLAINT FOR DAMAGES

1
## DEMAND FOR JURY TRIAL

2        Plaintiffs hereby submit this demand that this action be tried in front of a jury.

3

4    DATED: January 12, 2024            **LAW OFFICES OF DALE K. GALIPO**
5                                       **LAW OFFICES OF GRECH & PACKER**
6                                       By: ___/s/_____
7                                       Dale K. Galipo, Esq.
                                        Marcel F. Sincich, Esq.
8                                       Trenton C. Packer, Esq.
9                                       *Attorneys for Plaintiff* DAVID COUCH, Sr.

10   DATED: January 12, 2024            **SINGLETON SCHREIBER, LLP**
11                                       By: ___/s/_____
12                                       Kimberly S. Trimble, Esq.
13                                       *Attorneys for Plaintiff* JEANELLE COUCH

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SHASTA
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. Private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. You can read more information about these ADR processes and watch videos that demonstrate them at http://www.courts.ca.gov/programs-adr.htm . If the parties agree to an ADR program, the parties may file the agreement with the court for the purpose of assisting the court in determining how to proceed at the case management conference.

<u>Potential Advantages and Disadvantages</u>

ADR may have a variety of advantages and disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships.

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable.

<u>Most Common Types of ADR</u>

**Mediation** – A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners.

**Settlement Conferences** – A judge helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

Information Sheet
Shasta County Superior Court
LF-CIV-103 [rev March 28, 2013]

**ALTERNATIVE DISPUT RESOLUTION
(ADR) INFORMATION PACKAGE**

Page 1 of 2

**Neutral Evaluation** – The parties briefly and informally present their facts and arguments to a neutral person called an "evaluator", who is often an expert in the subject matter of the dispute. The evaluator does not decide the outcome of the dispute, but helps the parties to do so by giving them a non-binding opinion about the strengths, weaknesses, and likely outcome of their case. Depending on the neutral evaluation program and the parties' wishes, the evaluator may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate if the parties want a neutral person's opinion about how the case might be resolved, if the primary dispute is the amount of damages, or if there are technical issues that the parties would like a neutral expert to help resolve.

**Arbitration** – The parties present evidence and arguments to a neutral person called an "arbitrator" who then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to *binding arbitration*, they waive their right to a trial and agree to accept the arbitrator's decision as final. With *nonbinding arbitration*, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or want an expert in the subject matter of the dispute to make the decision.

## Selecting an ADR Program and Neutral

Selecting an ADR program and neutral are important decisions. Be sure to learn about the rules of any program and the qualifications of any neutral you are considering, and about their fees.

## Shasta County Superior Court ADR Programs

When a civil case is set for trial the judge also will set a settlement conference date approximately six weeks before the trial date. The judge assigned to the case will assist the parties in attempting to arrive at a negotiated resolution.

Shasta County Superior Court does not offer mediation, neutral evaluations, or arbitrations.

**Private ADR Providers** – To find a private ADR program or neutral evaluator, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or the Shasta-Trinity Counties Bar Association may assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California Courts website at http://courts.ca.gov/selfhelp.htm .

Information Sheet
Shasta County Superior Court
LP-CIV-103 [rev March 28, 2013]

**ALTERNATIVE DISPUT RESOLUTION
(ADR) INFORMATION PACKAGE**

Page 2 of 2

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SHASTA

Case Number:  24CV-0204058

NOTICE OF: ALL PURPOSE ASSIGNMENT, MANDATORY SETTLEMENT
CONFERENCE, AND TRIAL

# INSTRUCTIONS – READ IMMEDIATELY!

## ORDER OF ASSIGNMENT

This action is assigned to the Honorable Tamara L Wood for all purposes pursuant to Local Rule 3.02 of the Shasta County Superior Court.

## MANDATORY SETTLEMENT CONFERENCE DATE

A Mandatory Settlement Conference will be conducted in this action on Monday, October 14, 2024, at 1:30 pm in Department 8, located at 1500 Court Street, Redding, California 96001.  All parties to this action are required to appear at the Settlement Conference.

The parties are ordered to comply with California Rules of Court, Rule 3.1380 relating to settlement conferences. Pursuant to Rule 3.1380(b), this court finds good cause is deemed to have been shown to excuse from attendance at settlement conference claims persons whose offices are more than 100 miles from the courthouse.

## TRIAL DATE

This matter is set for Trial on Tuesday, December 10, 2024, at 8:45 am in Department 8, located at 1500 Court Street, Redding, CA 96001.

## REQUIREMENT FOR SERVING THIS NOTICE

Plaintiff shall serve this notice on each defendant at the time of service of the complaint and on all intervenors and interpleaders within 10 days of service on plaintiff of complaints in intervention or interpleader.  All cross-complainants shall serve this notice on each cross-defendant at the time of service of the cross-complaint.

IF YOU ARE A DEFENDANT OR CROSS-DEFENDANT, YOU HAVE BEEN SERVED WITH OTHER DOCUMENTS ALONG WITH THIS NOTICE.  UNDER THE LAW, THOSE OTHER DOCUMENTS REQUIRE YOU TO TAKE ACTION PROMPTLY TO PRESERVE YOUR RIGHTS.  PLEASE REVIEW THOSE MATERIALS IMMEDIATELY.  THE REQUIREMENTS SET FORTH IN THIS NOTICE AND THE SETTLEMENT CONFERENCE AND TRIAL DATE SCHEDULED IN THIS NOTICE ARE SEPARATE AND ARE IN ADDITION TO THOSE CONTAINED IN THE OTHER DOCUMENTS WHICH YOU HAVE RECEIVED.

Dated:  January 1, 2023

ADAM B. RYAN, Presiding Judge

I CERTIFY THAT A COPY OF THIS DOCUMENT WAS PROVIDED TO THE PLAINTIFF ON JANUARY 12, 2024.

BY:  K. M A , DEPUTY CLERK