**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant SHASTA COUNTY
*(Exempt from Filing Fees Pursuant to Government Code § 6103)*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COUCH, Sr., and JEANELLE COUCH; both individually and as successors in interest to DAVID COUCH, Jr., Decedent,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, by and through CALIFORNIA HIGHWAY PATROL; RYAN CATES; SHASTA COUNTY; and DOES 1-20, inclusive,<br><br>Defendants.<br>_____/ | Case No.  2:24-cv-00481-TLN-AC<br><br>**DEFENDANT SHASTA COUNTY'S MEMORANDUM OF POINTS AND AUTHORITIES TO SEVER THE ACTION**<br><br>Date:      May 2, 2024<br>Time:      2:00 p.m.<br>Courtroom: 2, 15th Floor |

Defendant County of Shasta respectfully moves this court to sever the action against it and its alleged employees (DOES 11-20) to proceed as a separate matter and submits the following memorandum of points and authorities in support.

### I.    INTRODUCTION/BACKGROUND

Originally filed in state court, this action was removed to federal court on February 15, 2024. According to the complaint decedent David Couch Jr., was arrested on December 25, 2022 (Paragraph 38, Complaint), held in custody as the Shasta County jail until his release on February 8, 2023.

(Paragraph 39, Complaint). While in jail, Plaintiffs allege decedent was prescribed "improper medication" and given "inappropriate treatment" for a "serious mental illness." (Paragraphs 38-41, Complaint).

After his release from jail, on February 9, 2023, Plaintiffs allege CHP Officer Cates responded to decedent's residence while decedent was experiencing a "manic episode" which Plaintiff claims was evident on the day he was released from jail. (Paragraphs 42-44, Complaint). CHP Officer Cates allegedly physically engaged with Decedent, discharging his weapon and ostensibly striking Decedent from which he did not survive. (Paragraphs 45-56, Complaint).

Based thereon, Plaintiffs, successors in interest to decedent, assert claims against the State, CHP and Officer Cates for Fourth Amendment excessive force and violation of the Familial Association clause of the Fourteenth Amendment under 42 U.S.C. section 1983, as well as state law claims. As against DOES 11-20, allegedly Shasta County employees (DOES 11-20), Plaintiffs assert only an Eighth/Fourteenth Amendment Failure to provide medical care.

Defendant Shasta County now seeks to sever the action against it and its employees.

## II.    ARGUMENT

**THE ACTION AGAINST THE COUNTYH AND DOES 11-20 SHOULD BE SEVERED**

A Plaintiff may not proceed in an action on unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2). "The controlling principle appears in Fed.R.Civ.P. 18(a): `A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' In other words, unrelated claims against different defendants belong in different suits, to prevent, in part, "the sort of morass such multiple claim, multiple defendant suit produce[s]". *K'napp v. California Dept. of Corrections*, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), aff'd sub nom. *K'napp v. California Dept. of Corrections & Rehabilitation*, 599 Fed.Appx. 791 (9th Cir. 2015) (alteration in original) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007). See also Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law

or fact common to all defendants will arise in the action."). *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015) ("[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including loss of otherwise timely claims if new suits are blocked by statutes of limitations.") (internal quotation marks omitted). If prejudice would occur, the "judge could and should have allowed [the misjoined] claim [ ] to continue as a separate suit so that it would not be time-barred." *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000); see also *Corley v. Google, Inc.*, 316 F.R.D. 277, 294 (N.D. Cal. 2016) (severing rather than dismissing plaintiffs who could be adversely impacted by statute of limitations).

Rule 21 of the Fed.R.Civ.P. ("Rule 21") states, in pertinent part, that "[a]ny claim against a party may be severed and proceeded with separately."  Courts have broad discretion regarding severance. See, e.g., *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296-97 (9th Cir. 2000); "Claims may be severable under Rule 21 if they arise from different factual situations or pose different legal questions." *Khanna v. State Bar of Cal.*, No. C-07-2587 EMC, 2007 WL 2288116, at *2 (N.D. Cal. Aug. 7, 2007). Claims may also be severed "if it will serve the ends of justice and further the prompt and efficient disposition of litigation." Id. (citation omitted). "Fairness is a critical consideration in determining whether severance is appropriate," and therefore it must be determined whether any party would suffer prejudice. *Pena v. McArthur*, 889 F. Supp. 403, 407 (E.D. Cal. 1994) (citation omitted).

In determining whether to sever a claim, a court may consider the following: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *SEC v. Leslie*, No. C 07-3444, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010) (citation omitted). This Court has repeatedly applied these factors when ruling on motions to sever. See, e.g., *Plasse v. Ford*, No. 2:17-CV-01136-TLN-JDP, 2021 WL 3912257, at *2 (E.D. Cal. Sept. 1, 2021); *Repro-Med Sys., Inc. v. EMED Techs. Corp.*, No. 2:13-CV-01957-TLN-CKD, 2019 WL 569277, at *4 (E.D. Cal. Feb. 12, 2019).  Analysis of each factor reveals severance is warranted:

///

**(1)    The claims do not arise out of the same transaction or occurrence:**

According to the complaint decedent David Couch Jr., was arrested on December 25, 2022 (Paragraph 38, Complaint), held in custody as the Shasta County jail until his release on February 8, 2023. (Paragraph 39, Complaint).  While in jail, Plaintiffs allege decedent was prescribed "improper medication" and given "inappropriate treatment" for a "serious mental illness."  (Paragraphs 38-41, Complaint).   These facts are what form the basis for the single claim for relief against the employees of Shasta County in the second claim for relief.

By contrasts, after his release from jail, on February 9, 2023, Plaintiffs allege CHP Officer Cates responded to decedent's residence while decedent was experiencing a "manic episode" which Plaintiff claims was evident on the day he was released from jail. (Paragraphs 42-44, Complaint). CHP Officer Cates allegedly physically engaged with Decedent, discharging his weapon and ostensibly striking Decedent from which he did not survive. (Paragraphs 45-56, Complaint).   These facts are what form the basis for all the remainder of the claims as against the State, CHP and officer Cates.

The interaction between decedent and any employees of Shasta all occurred before his release from jail, and the transaction or occurrence upon which Plaintiff bases his claims against the employees of Shasta County were in a different location and different circumstances, and thus is a different transaction or occurrence that transpired between decedent and Officer Cates.  Accordingly, this factor favors severance.

**(2)    The claims do not present some common questions of fact:**

The only arguable common questions of fact lie in what mental condition decedent was experiencing on his release on February 8, 2023, but clearly whether the use of force was reasonableness has no commonality in fact to whether decedent's medical/mental health care was sufficient while in custody.    Accordingly, this factor favors severance.

**(3)    Whether settlement of the claims or judicial economy would be facilitated:**

Even assuming settlements are feasible, settlement of the claims surrounding the manner of whether decedent's medical/mental health care was sufficient would not necessarily facilitate a settlement of the claims surrounding the use of force and visa versa, given that there are separate actors and separate incidents.   In addition, judicial economy would be served by severance, as the two trials

4

would each be shorter.  Accordingly, this factor favors severance.

**(4)     Prejudice would be avoided if severance were granted:**

Defendants County and its employees would be prejudiced if required to stand trial with the other defendants, the conduct of which differs between them.  Should a jury decide one part negatively could inappropriately color the other part.  Thus, conversely, prejudice would be avoided if severance were granted.  Shasta would also be prejudiced in discovery, in terms of costs of defense – having to participate in discovery regarding the interaction with Officer Cates increases costs to the defense when their testimony is not relevant to what happened earlier in the jail.  Accordingly, this factor favors severance.

**(5)     Whether different witnesses and documentary proof are required for the separate claims.**

There are no allegations that officer Cates had any interaction with Shasta County employees prior to his interaction decedent, and the reasons for his response to the scene are entirely factually different from how the jail may have evaluated decedent, the need for care, what was prescribed etc. Accordingly, this factor favors severance.

### III.     CONCLUSION

For each of the foregoing reasons, this court should sever the claims against the employees of the County of Shasta and the County of Shasta and allow it to proceed as a separate action.

Respectfully submitted,

Dated:  March 6, 2024           PORTER SCOTT
                                A PROFESSIONAL CORPORATION

                                By /s/ John R. Whitefleet
                                        John R. Whitefleet
                                        Attorneys for Defendant Shasta County

DEFENDANT SHASTA COUNTY'S MEMORANDUM OF POINTS AND AUTHORITIES TO SEVER THE ACTION
4868-2675-1659, v. 1