**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant SHASTA COUNTY
*(Exempt from Filing Fees Pursuant to Government Code § 6103)*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COUCH, Sr., and JEANELLE COUCH; both individually and as successors in interest to DAVID COUCH, Jr., Decedent,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, by and through CALIFORNIA HIGHWAY PATROL; RYAN CATES; SHASTA COUNTY; and DOES 1-20, inclusive,<br><br>　　　　　Defendants.<br>_____/ | Case No. 2:24-cv-00481-TLN-AC<br><br>**DEFENDANT SHASTA COUNTY'S REPLY TO OPPOSITION TO MOTION TO SEVER**<br><br>Under submission per ECF no. 12 |

　　　　Defendant County of Shasta submits the following in reply to the Opposition to the motion to sever the action against it and its alleged employees (DOES 11-20) to proceed as a separate matter.

　　　　Plaintiffs opposes the motion by essentially presenting novel and unsupported arguments that the in custody care of decedent David Couch Jr. between December 25, 2022 and February 8, 2023 has a connection, both factually and legally, to the physical interaction between CHP Officer Cates at decedent's residence on February 9, 2023 which resulted in the death David Couch Jr.

///

**(1)  The claims do not arise out of the same transaction or occurrence:**

Plaintiffs argues that the alleged interaction between CHP and after David Couch Jr's release from jail is "tethered" as the same transaction as being in custody because of the "effects" of alleged wrongful conduct in the jail "carried through" the death of decedent based on whatever mental condition he had at the time release.

Defendants submit that Plaintiff fails to cite to any authority to support such a tenuous connection.  In addition, Plaintiff does not point to any contemporaneous interaction between jail staff and CHP on February 9, 2023, nor even that CHP was aware David Couch Jr. had just been released from custody.  Plaintiff correctly points out moving parties' mistaken reference to only one claim for relief being asserted against the employees of the County, but such does not change the lack of factual connection as between two separate public agencies in different settings, and at different times.   The interaction between decedent and any employees of Shasta all occurred before his release from jail, and the transaction or occurrence upon which Plaintiff bases his claims against the employees of Shasta County were in a different location and different circumstances, and thus is a different transaction or occurrence that transpired between decedent and Officer Cates.  Accordingly, this factor favors severance.

**(2)  The claims do not present some common questions of fact or law:**

Defendant argued that whether the use of force was reasonableness has no commonality in fact or law as to whether decedent's medical/mental health care was sufficient while in custody.     Plaintiff does not dispute this.

Rather, Plaintiff first argues a common issue is not only what mental condition decedent Couch was experiencing (which Defendant noted in the moving papers was arguably factually connected), "but also the symptoms would have been readily observable by both the Shasta Does and Officer Cates." Defendant submits this argument present "the other side of the same coin," as the saying goes, as what David Couch Jr.'s mental condition was at the time is likely provable only by what was observed.   This tenuous factual connection is not enough to warrant keeping the two entities in the same suit.

However, beyond that, Plaintiff argues there are common questions of fact in terms of damages, which presumes Plaintiff will be able to prove causation as to the death to the Shasta defendants, which

1 Plaintiff relies on the doctrine of superseding cause under state law. This must be rejected.

Whether Plaintiff sufficiently states claims for relief for familial association and/or wrongful death against Shasta and its employees has not yet been raised or briefed. The question is not of a superseding cause but of causation as defined as "some kind of direct personal participation in the deprivation" or "by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Johnson v. Duffy*, 588 F. 2d 740, 744 (9th Cir. 1978). Plaintiff not only fails to allege Shasta employees directly participated in any way in the interaction between CHP and decedent on February 9, 2023, but also the allegations fall short of claiming Shasta employees "set in motion a series of acts etc." Defendant submits merely releasing someone from custody, even if allegedly in some mental crisis, does not implicate some knowledge that there would be a subsequent interaction with law enforcement that would end up in an allegedly unlawful shooting. While this court need not decide at this time if the claims are sufficient, Defendant submits any causal analysis presents different facts as to the Shasta Defendants as opposed to CHP. Accordingly, there is no intertwining as Plaintiff posits.

In terms of damages as being in common issues of law and fact, since damages flow from Plaintiffs and decedent, those will always be in common no matter what claims are asserted against whom, so should not factor in the analysis. Accordingly, this factor favors severance.

**(3)     Whether settlement of the claims or judicial economy would be facilitated:**

Plaintiff argues judicial economy is served by one trial because two trials "defies common sense" primarily because Plaintiff presumes the length of two trials would be longer than one, which is not necessarily the case. As such, Plaintiffs' "common sense" approach cannot be applied to this scenario. Regardless, Plaintiff's focus on duplicative damages testimony depends in large part on whether the death can be causally attributed to Shasta.

Regarding potential settlements, Plaintiffs appear to concede this aspect goes either way.

**(4)     Prejudice would be avoided if severance were granted:**

Plaintiff opposes the prejudice factor by reliance on *Coleman v. Quaker Oats Co* 232 F.3d 1271, 1296-97 (9th Cir. 2000), an employment age discrimination case with ten plaintiffs, but who worked in six different states, had separate employment histories, differing explanations by the employer for not

retaining each plaintiff, different supervisors, and included separate state law claims which had to be evaluated specific to state in which each lived. Defendants submit Coleman is distinguishable and not analogous to this case, and thus does not really assist Plaintiffs. Otherwise, Defendants maintain the prejudice that Shasta would experience if not severed because of danger of a jury attributing CHP's actions, if proven unconstitutional, to Shasta.

**(5)     Whether different witnesses and documentary proof are required for the separate claims.**

Plaintiffs do not contest that there are no allegations that CHP officer Cates had any interaction with Shasta County employees prior to his interaction decedent, and the reasons for his response to the scene are entirely factually different from how the jail may have evaluated decedent, the need for care, what was prescribed etc. Rather, Plaintiffs essentially reiterate their argument of common facts and law. Defendant submits that not only is Plaintiffs misguided in terms of what facts might be admitted at trial, as such depends on causation, but even so, the tenuous connection is not sufficiently strong enough to tilt this factor in Plaintiffs' favor.

## **CONCLUSION**

For each of the foregoing reasons, this court should sever the claims against the employees of the County of Shasta and the County of Shasta and allow it to proceed as a separate action.

Respectfully submitted,

Dated:  March 22, 2024                    PORTER SCOTT
                                          A PROFESSIONAL CORPORATION

                                          By /s/ John R. Whitefleet
                                              John R. Whitefleet
                                              Attorneys for Defendant Shasta County