ROB BONTA, State Bar No. 202668
Attorney General of California
CATHERINE WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
AMIE BEARS, State Bar No. 242372
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 210-7663
  Fax:  (916) 322-8288
  E-mail:  Amie.Bears@doj.ca.gov
*Attorneys for Defendants California Highway Patrol
and Sgt. Cates*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID COUCH, SR., and JEANELLE COUCH; both individually and as successors in interest to DAVID COUCH, JR. Decedent,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA, by and through CALIFORNIA HIGHWAY PATROL; RYAN CATES; SHASTA COUNTY; and DOES 1-20, inclusive,**<br><br>Defendant. | 2:24-cv-00481-TLN-AC<br><br>**DEFENDANT SGT. CATES ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Action Filed:  January 12, 2024 |

Comes now DEFENDANT   SGT.  RYAN CATES ("Defendant") and in  answering the

Complaint for damages by Plaintiffs, admits, denies, and alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. Answering paragraph 1, Defendant admits  that this Court has jurisdiction over this matter.

2. Answering paragraph 2. Defendant admits  venue is proper.

1

**INTRODUCTION**

3. Answering paragraph 3,  Defendant responds by indicating that no expressed admission or denial of applicable law is necessary, and therefore, Defendant denies generally and specifically, each and every allegation contained therein.

4. Answering paragraph 4,  Defendant denies generally and specifically each and every allegation contained therein.

5. Answering paragraph 5,  Defendant denies generally and specifically each and every allegation contained therein.

6. Answering paragraph 6,  Defendant denies generally and specifically each and every allegation contained therein.

7. Answering paragraph 7,  to the extent this contains any allegations against this Answering Defendant, Defendant denies generally and specifically each and every allegation contained therein.

8. Answering paragraph 8,  the paragraph contains hyperbole and legal conclusions. To the extent there are any factual allegations in this paragraph, Defendant denies generally and specifically each and every allegation contained therein.

**THE PARTIES**

9. Answering paragraph 9, Defendant lacks sufficient information and belief to either admit or deny the allegations. Therefore,  Defendant denies generally and specifically each and every allegation contained therein.

10.     Answering paragraph 10, Defendant lacks sufficient information and belief to either admit or deny the allegations. Therefore,  Defendant denies generally and specifically each and every allegation contained therein.

11.     Answering paragraph 11, Defendant lacks sufficient information and belief to either admit or deny the allegations. Therefore,  Defendant denies generally and specifically each and every allegation contained therein.

12.     Answering paragraph 12,  the paragraph contains hyperbole and legal conclusions to which no Answer is required.

2

13.    Answering paragraph 13,  Admit that Officer Ryan Cates was acting in the course and scope of his employment during the relevant times of the instant lawsuit.

14.    Answering paragraph 14,  Defendant lacks sufficient information and belief to either admit or deny the allegations. Therefore,  Defendant denies generally and specifically each and every allegation contained therein.

15.    Answering paragraph 15, Defendant lacks sufficient information and belief to either admit or deny the allegations. Therefore,  Defendant denies generally and specifically each and every allegation contained therein.

16.    Answering paragraph 16, Defendant lacks sufficient information and belief to either admit or deny the allegations. Therefore,  Defendant denies generally and specifically each and every allegation contained therein.

17.    Answering paragraph 17,  the paragraph contains hyperbole and legal conclusions to which no Answer is required.

18.    Answering paragraph 18,  the paragraph contains hyperbole and legal conclusions to which no Answer is required.

19.    Answering paragraph 19,  the paragraph contains hyperbole and legal conclusions to which no Answer is required.

20.    Answering paragraph 20,  the paragraph contains hyperbole and legal conclusions to which no Answer is required. To the extent any factual allegations are contained therein, deny.

21.    Answering paragraph 21,  the paragraph contains hyperbole and legal conclusions to which no Answer is required. To the extent any Answer is required, this paragraph does not contain any allegations against this Answering Defendant.

22.    Answering paragraph 22,  the paragraph contains hyperbole and legal conclusions to which no Answer is required. To the extent any Answer is required, this paragraph does not contain any allegations against this Answering Defendant.

///

///

23. Answering paragraph 23, the paragraph contains hyperbole and legal conclusions to which no Answer is required. To the extent any Answer is required, this paragraph does not contain any allegations against this Answering Defendant.

24. Answering paragraph 24,  the paragraph contains hyperbole and legal conclusions to which no Answer is required. To the extent any Answer is required, this paragraph does not contain any allegations against this Answering Defendant.

25. Answering paragraph 25,  the paragraph contains hyperbole and legal conclusions to which no Answer is required. To the extent any factual allegations are contained therein, deny.

26. Answering paragraph 26,  the paragraph contains hyperbole and legal conclusions to which no Answer is required. To the extent any Answer is required, this paragraph does not contain any allegations against this Answering Defendant.

27. Answering paragraph 27,  the paragraph contains hyperbole and legal conclusions to which no Answer is required. To the extent any factual allegations are contained therein, deny.

28. Answering paragraph 28,  the paragraph contains hyperbole and legal conclusions to which no Answer is required. Deny that disjunctive pleading is proper.

29. Answering paragraph 29,  the paragraph contains hyperbole and legal conclusions to which no Answer is required. Deny that disjunctive pleading is proper.

30. Answering paragraph 30,  Defendant denies generally and specifically each and every allegation contained therein.

31. Answering paragraph 31,  Defendant denies generally and specifically each and every allegation contained therein.

32. Answering paragraph 32. Defendant lacks sufficient information and belief to either admit or deny the allegations. Therefore, Defendant denies generally and specifically each and every allegation contained therein.

///

///

33.  Answering paragraph 33. Defendant denies sufficient information and belief to either admit or deny the allegations. Therefore, Defendant denies generally and specifically each and every allegation contained therein.

34.  Answering paragraph 34. Defendant lacks sufficient information and belief to either admit or deny the allegations. Therefore, Defendant denies generally and specifically each and every allegation contained therein.

35.  Answering paragraph 35. Defendant lacks sufficient information and belief to either admit or deny the allegations. Therefore, Defendant denies generally and specifically each and every allegation contained therein.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

36.  Defendant restates all prior response to paragraphs 1 through 35.

37.  Admit.

38.  Answering paragraphs 38 – 43, Defendant lacks sufficient information and belief to either admit or deny the allegations. Therefore, Defendant denies generally and specifically each and every allegation contained therein.

39.  Answering paragraph 44. Admit that CHP Officer Cates responded to a call in the area of Island Drive in Redding, California. Deny that Officer Cates knew or should have known of any mental illness of COUCH, if such was one. Defendant lacks sufficient information and belief to either admit or deny the remaining allegations. Therefore, Defendant denies generally and specifically each and every allegation contained therein.

40.  Answering paragraph 45,   Deny that Officer Cates employed any emergency lights during his response to the scene.  Admit that no sirens were used.  As to the balance of the allegations, deny.

41.  Answering paragraph 46,  Admit that Officer Cates parked behind the decedent's vehicle. Admit that the decedent was in the drivers seat. Deny that Officer Cates immediately pointed his firearm at the decedent. Admit that Officer Cates gave commands to the decedent . As to the balance of the allegations, deny.

5

42.     Answering paragraph 47,  Defendant denies generally and specifically each and every allegation contained therein.

43.     Answering paragraph 48,  Defendant denies generally and specifically each and every allegation contained therein.

44.     Answering paragraph 49,  Defendant denies generally and specifically each and every allegation contained therein.

45.     Answering paragraph 50,  Defendant denies generally and specifically each and every allegation contained therein.

46.     Answering paragraph 51,  Defendant denies generally and specifically each and every allegation contained therein.

47.     Answering paragraph 52, deny.

48.     Answering paragraph 53, deny.

49.     Answering paragraph 54, deny.

50.     Answering paragraph 55, deny

51.     Answering paragraph 56, deny

52.     Answering paragraphs 57 and 58, Defendants lack sufficient information and belief to either admit or deny the allegations. Therefore, Defendant denies generally and specifically each and every allegation contained therein.

## **FIRST CLAIM FOR RELIEF**

53.     Answering paragraph 59, Defendant restates all prior response to paragraphs 1 through 58.

54.     Answering paragraph 60, this paragraph contains legal conclusions to which no Answer is required. To the extent any factual allegations are asserted against this Answering Defendant,  Defendant lacks sufficient information and belief to either admit or deny the allegations. Therefore, Defendant denies generally and specifically each and every allegation contained therein.

55.     Answering paragraph 61, to the extent any factual allegations are asserted against this Answering Defendant,  admit that Officer Cates was acting in the course and scope of

6

1    his employment as an Officer with the California Highway Patrol. Unknown as to any

2    Doe defendants.

3    56.    Paragraph 62 is a statement of law to which no answer is required.

4    57.    Answering paragraphs 63 - 68, deny.

5    58.    Answering paragraph 69, this paragraph contains legal conclusions to which no

6           Answer is required. To the extent any factual allegations are asserted against this

7           Answering Defendant,  Defendant lacks sufficient information and belief to either

8           admit or deny the allegations. Therefore, Defendant denies generally and specifically

9           each and every allegation contained therein.

10                          **SECOND CLAIM FOR RELIEF**

11   59.    Answering paragraph 70, Defendant incorporates by reference their response to

12          paragraphs 1-69, inclusive, above, as if set forth fully herein.

13   60.    Answering paragraphs 71- 81, these allegations are not to this Answering Defendant.

14          To the extent these Allegations concern this Answering Defendant, Defendant lacks

15          sufficient information and belief to either admit or deny the allegations. Therefore,

16          Defendant denies generally and specifically each and every allegation contained

17          therein.

18                           **THIRD CLAIM FOR RELIEF**

19   61.    Answering paragraph 82, Defendant restates all prior response to paragraphs 1 through

20          81.

21   62.    Answering paragraph 83, admit that Officer Cates was acting as an Officer for the

22          California Highway Patrol. As to the balance of the allegations, to the extent any

23          factual allegations are asserted against this Answering Defendant,   Defendant lacks

24          sufficient information and belief to either admit or deny the allegations. Therefore,

25          Defendant denies generally and specifically each and every allegation contained

26          therein.

27   ///

28   ///

7

63.   Answering paragraphs 84- 90 this paragraph contains legal conclusions and hyperbole to which no Answer is required. To the extent any factual allegations are asserted against this Answering Defendant, Defendant denies.

64.   Answering paragraph 91, no factual allegations are contained therein, therefore no Answer is required.

## **FOURTH CLAIM FOR RELIEF**

65.   Answering paragraph 92, Defendant restates all prior response to paragraphs 1 through 91.

66.   Answering paragraph 93, admit that Officer Cates was acting as an Officer for the California Highway Patrol.

67.   Answering paragraph 94, Admit that Officer Cates shot Decedent Couch. Deny the balance of the allegations in this paragraph.

68.   Answering paragraph 95, To the extent any factual allegations are asserted against this Answering Defendant,  deny.

69.   Answering paragraph 96, this is a legal conclusion to which no Answer is required. To the extent any factual allegations are asserted against this Answering Defendant, deny.

70.   Answering paragraph 97, to the extent any factual allegations are asserted against this Answering Defendant,  deny.

71.   Answering paragraph 98, this is a legal conclusion to which no Answer is required. To the extent any factual allegations are asserted against this Answering Defendant, deny. Deny Plaintiffs are entitled to any damages.

## **FIRTH CLAIM FOR RELIEF**

72.   Answering paragraph 99, Defendant restates all prior response to paragraphs 1 through 98.

73.   Answering paragraph 100, admit Officer Cates was working in his course and scope and an Officer with the California Highway Patrol. As to the balance of the allegations. Defendant lacks sufficient information and belief to either admit or deny

1    the allegations. Therefore, Defendant denies generally and specifically each and every

2    allegation contained therein.

3    74.   Answering paragraph 101, this paragraph contains legal conclusions and hyperbole to

4          which no Answer is required. To the extent any factual allegations are asserted against

5          this Answering Defendant,   Defendant denies.

6    75.   Answering paragraph 102, deny.

7    76.   Answering paragraph 103, these allegations are not to this Answering Defendant. To

8          the extent these Allegations concern this Defendant, Defendant lack sufficient

9          information and belief to either admit or deny the allegations. Therefore, Defendant

10         denies generally and specifically each and every allegation contained therein.

11   77.   Answering paragraph 104, these allegations are not to this Answering Defendant. To

12         the extent these Allegations concern this Defendant, Defendant lacks sufficient

13         information and belief to either admit or deny the allegations. Therefore, Defendant

14         denies generally and specifically each and every allegation contained therein.

15   78.   Answering paragraph 105, these allegations are not to this Answering Defendant. To

16         the extent these Allegations concern this Defendant, Defendant lacks sufficient

17         information and belief to either admit or deny the allegations. Therefore, Defendant

18         denies generally and specifically each and every allegation contained therein.

19   79.   Answering paragraph 106, this is a legal conclusion to which no Answer is required.

20         To the extent any factual allegations are asserted, Defendant denies. Deny Plaintiffs

21         are entitled to any damages.

22   80.   Answering paragraph 107, this is a legal conclusion to which no Answer is required.

23         To the extent any factual allegations are asserted, Defendant denies. Deny Plaintiffs

24         are entitled to any damages.

25   81.   Answering paragraph 108, deny.

26   82.   Answering paragraph 109, deny.

27   83.   Answering paragraph 110, these allegations are not to this Answering Defendant. To

28         the extent these Allegations concern this Defendant, Defendant lacks sufficient

9

1   information and belief to either admit or deny the allegations. Therefore, Defendant

2   denies generally and specifically each and every allegation contained therein.

3   84.   Answering paragraph 111, this is a legal conclusion to which no Answer is required.

4   To the extent any factual allegations are asserted against this Answering Defendant,

5   deny. Deny Plaintiffs are entitled to any damages.

6   85.   Answering paragraph 112, this is a legal conclusion to which no Answer is required.

7   To the extent any factual allegations are asserted against this Answering Defendant,

8   deny. Deny Plaintiffs are entitled to any damages.

9   **SIXTH CLAIM FOR RELIEF**

10   86.   Answering paragraph 113, Defendant restates all prior response to paragraphs 1

11   through 112.

12   87.   Answering paragraph 114, admit Officer Cates was working in his course and scope

13   and an Officer with the California Highway Patrol. As to the balance of the

14   allegations. Defendant lacks sufficient information and belief to either admit or deny

15   the allegations. Therefore, Defendant denies generally and specifically each and every

16   allegation contained therein.

17   88.   Answering paragraph 115, this is a legal conclusion to which no Answer is required.

18   To the extent any factual allegations are asserted, Defendant denies.

19   89.   Answering paragraph 116  -121, deny.

20   90.   Answering paragraph 122 - 125, these are legal conclusions to which no Answer is

21   required. To the extent any factual allegations are asserted, Defendant denies. Deny

22   Plaintiffs are entitled to any damages.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Plaintiffs' and Decedent's own conduct estops Plaintiffs from claiming the damages alleged in the complaint.

**Second Affirmative Defense**

The complaint and each claim asserted therein are barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure section 335.1, California Government Code section 945.6 and California Code of Civil Procedure section 377.30

**Third Affirmative Defense**

Defendant's conduct occurred in the proper exercise of his job duties and police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States of State of California, or to do any person any other injury.

**Fourth Affirmative Defense**

Defendant is entitled to immunity and qualified and official and quasi-judicial immunity. Defendant acted at all times relevant to this lawsuit in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and the laws of the United States and the State of California. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

**Fifth Affirmative Defense**

The complaint fails to allege sufficient facts to state any cognizable claim against Defendant.

**Sixth Affirmative Defense**

The state-law claims are barred by the failure to precede the action with a claim as required by California Government Code sections 945.4, 911.2, 905.2, and 950.2.

///

**Seventh Affirmative Defense**

If and to the extent that the allegations of the complaint attempt to enlarge upon the facts and contentions set forth in the California government claim, if any, the complaint fails to state a cognizable state-law cause of action and is barred by California Government Code sections 905.2, 911.2, and 950.2.

**Eighth Affirmative Defense**

Plaintiffs' decedent willingly, voluntarily, and knowingly took the risk of inciting a confrontation with Defendant, whom Decedent knew or reasonably should have known to be a peace officer, and thereby assumed each, every, and all the risks and hazards implicated by the events alleged in the complaint. Such conduct is a reasonable implied assumption of the risk.

**Ninth Affirmative Defense**

Any and all happenings, events, damages, and injuries, if any, were proximately caused and contributed to by the negligence of the Decedent who failed to exercise ordinary care at all times and places alleged in the complaint.

**Tenth Affirmative Defense**

Should Plaintiffs recover damages, the amount should be abated, apportioned, and reduced to the extent that the negligence or other legal responsibility of any other person or entity caused or contributed to the damages, if any.

**Eleventh Affirmative Defense**

Defendant did not owe a duty of care to the Plaintiffs or Decedent. Nor did Defendant have a special relationship to any person alleged in the complaint so as to give rise to any duty running to any person. *Zelig v. Cnty. of L.A.*, 27 Cal. 4th 111, 1131 (2002).

**Twelfth Affirmative Defense**

Only reasonable force under the circumstances was used in the incident alleged in the complaint. There is no liability pursuant to California Penal Code sections 835 and 835a and California Government Code section 815.2. Decedent knew or should have known that a lawful pursuit, stop, or detention was being made by peace officers and had a duty to refrain from obstructing or evading the peace offices and threatening to use or using force to obstruct, evade,

12

1  or resist the peace officers in the performance of their lawful duties, and was in violation of

2  California Penal Codes section 148, 241, 243, 245, and 834a.

3  **Thirteenth Affirmative Defense**

4  　　There was reasonable cause to make or attempt to make the detention or arrest, if any,

5  alleged in the complaint.

6  **Fourteenth Affirmative Defense**

7  　　To the extent force was used as alleged in the complaint, its use was privileged, necessary,

8  and reasonable in the protection of life, to prevent escape, and to overcome resistance.

9  **Fifteenth Affirmative Defense**

10  　　At all times relevant, Defendant acted in self-defense or defense of others.  Cal. Civ. Code

11  §§ 43, 50; Cal. Pen. Code §§ 197, 198.5, 417, 692, 835a, 836.5(b).

12  **Sixteenth Affirmative Defense**

13  　　Under California Government Code section 845.8, Defendant is not liable for Plaintiffs'

14  injuries, if any.

15  **Seventeenth Affirmative Defense**

16  　　There is no liability for injury or damages, if any, resulting from the failure to discharge any

17  mandatory duties as reasonable diligence was exercised to discharge any duty there may have

18  been.  Cal. Gov't Code § 815.6.

19  **Eighteenth Affirmative Defense**

20  　　At the times and places alleged in the complaint, Decedent willfully and unlawfully used

21  force and violence upon the person of another and caused and provoked the events alleged in the

22  complaint by such unlawful and wrongful conduct.  The force employed to prevent the

23  continuance of such unlawful conduct was reasonable and not excessive.

24  **Nineteenth Affirmative Defense**

25  　　There is no liability in the acts alleged in the complaint because the acts, if any, were done

26  in the execution and enforcement of the law while exercising due care.  Cal. Gov't Code §§

27  815.2, 820.4.

28  ///

**Twentieth Affirmative Defense**

There is no liability for any injury or damages, if any, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused.  Cal. Gov't Code §§ 815.2, 820.2.

**Twenty-First Affirmative Defense**

Plaintiffs and Decedent failed to mitigate injury or damages, if any.

**Twenty-Second Affirmative Defense**

The damages alleged in the complaint are subject to a set-off either partially or fully.

**Twenty-Third Affirmative Defense**

Under California Government Code sections 962, 984, 985, and GC 965-965.9 any judgment entered may be paid by periodic payments rather than in a lump sum and may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to trial.

**Twenty-Fourth Affirmative Defense**

Should Defendant be found liable to Plaintiffs, which liability is expressly denied, any award for past medical expenses cannot exceed the amount paid by any third party to Decedent's medical providers as full payment for the services rendered.  In addition, to the extent Decedent's fault cause or contributed to his injury, any award for past medical expenses can be further reduced in accordance with the provision of California Government Code section 985.

**Twenty-Fifth Affirmative Defense**

The complaint fails to allege sufficient facts to state a claim for punitive damages.

**Twenty-Sixth Affirmative Defense**

This action was filed and is maintained without reasonable cause and without a good faith belief that there is a justifiable controversy under the facts and law to warrant the filing of the lawsuit.  As the proceeding arises, in part, under the California Government Claims Act, Defendants are entitled to recover costs, including reasonable attorney's fees, upon prevailing on summary judgment, judgment before presentation of defense evidence, directed verdict, or nonsuit.  Cal. Code Civ. Proc. § 1038.

14

**Twenty-Seventh Affirmative Defense**

Because the complaint is couched in conclusory terms, all affirmative defenses that may be applicable to this action cannot be fully anticipated.  Accordingly, Defendant reserves the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable.

**PRAYER FOR RELIEF**

Defendant prays for judgment as follows:

1.  That Plaintiffs take nothing by this action;

2.  That Defendant be awarded costs of suit and attorney's fees; and

3.  That Defendant be awarded such other relief as this Court deems proper.

**DEMAND FOR JURY TRIAL**

Under Federal Rules of Civil Procedure 38, Defendant demands that this action be tried by a jury.

Dated:  March 25, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

*/s/ Amie Bears*

AMIE BEARS
Deputy Attorney General
*Attorneys for Defendants California
Highway Patrol and Sgt. Cates*

SA2024950004
37961453.docx

Defendant Sgt. Cates Answer to Plaintiff's Complaint  (2:24-cv-00481-TLN-AC)

# CERTIFICATE OF SERVICE

Case Name:   **Couch v. State of California**          No.      **2:24-cv-00481-TLN-AC**

I hereby certify that on March 25, 2024, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT SGT. CATES ANSWER TO PLAINTIFF'S COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on March 25, 2024, at Sacramento, California.

|  |  |
|---|---|
| Sienna Sweiven | */s/ Sienna Sweiven* |
| Declarant | Signature |

SA2024950004
37961527.docx