**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118
**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* DAVID COUCH, Sr.

**SINGLETON SCHREIBER, LLP**
Kimberly S. Trimble (SBN 288682)
ktrimble@singletonschreiber.com
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
(619) 860-0121

*Attorneys for Plaintiff* JEANELLE COUCH

ROB BONTA, State Bar No. 202668
Attorney General of California
CATHERINE WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
AMIE BEARS, State Bar No. 242372
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7663 | Fax: (916) 322-8288
E-mail: Amie.Bears@doj.ca.gov
*Attorneys for Defendants California Highway Patrol and Sgt. Cates*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COUCH, Sr., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No.: **2:24-cv-00481-TLN-AC**<br><br>[*Honorable Troy L. Nunley*<br>Magistrate Judge Allison Claire]<br><br>**JOINT STATUS REPORT** |

**TO THE HONORABLE COURT:**

Plaintiffs DAVID COUCH, Sr. and JEANELLE COUCH, along with Defendants STATE OF CALIFORNIA by and through CALIFORNIA HIGHWAY PATROL ("CHP"), and RYAN CATES; and Defendant COUNTY OF SHASTA, hereby submit the following Joint Status Report:

WHEREAS, on January 12, 2024, Plaintiffs filed their Complaint for Damages with the Superior Cout of the State California, County of Shasta. (Doc. 1-3.)

WHEREAS, on February 15, 2024, Defendants Removed the action to this Federal District Court. (Doc. 1.)

WHEREAS, on February 22, 2022, Defendant CHP filed its Answer to Plaintiffs' Complaint. (Doc. 5.) On March 25, 2022, Defendant Cates (an employee of CHP) filed his answer to Plaintiff's Complaint. (Doc. 14.)

WHEREAS, on March 6, 2024, Defendant County of Shasta filed its Motion to Sever (Doc. 8), to which Defendant CHP filed a Non-Opposition (Doc. 9), and to which Plaintiff Opposed on March 20, 2024 (Doc. 13).

WHEREAS, the parties understand the Court is extremely busy and has not yet ruled on Defendant County's Motion.

WHEREAS, however, given that Defendant CHP and Cates have Answered the Complaint, and Plaintiff contends that the order on the Motion to Sever certainly does not disturb the mutual exchange of discovery between Plaintiffs and Defendants CHP and Cates and should not affect that exchange between Plaintiffs and Defendant County of Shasta.

WHEREAS, pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), "A party *must* make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order…." (Emphasis added.) Further, "A party *must* make its initial disclosures based on the information then

reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case….” *Id.* at 26(a)(1)(E) (emphasis added).

 WHEREAS, additionally, "the parties *must* confer <u>as soon as practicable</u>—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." *Id.* at 26(f)(emphasis added). The Court had not yet set a Scheduling Conference; perhaps due to the pending Motion to Sever. Therefore, Plaintiffs have proposed that the Parties "confer as soon as practicable" which Plaintiffs contend should occur within the next 2 weeks at the convenience and availability of the Parties. This would then trigger a date of disclosure.

 WHEREAS, Plaintiffs contend that the Motion to Sever does not and should not affect the parties Rule 26 obligations; that practically, the ruling will only risk changing the case name and number and who will be served with the disclosures. Therefore, Plaintiffs believe that all parties should engage in the Rule 26(f) conference as soon as practicable and are willing to hold two conferences, with each Defendant entity separately, if necessary.

 WHEREAS, while the Court is in the process of evaluating the present motion, Plaintiffs believe that it is appropriate and justified under Rule 26 for: (1) the parties' conference to be held; (2) a Rule 26 Report filed with the Court thereafter; (3) initial disclosures to be made; (4) discovery to begin; and (5) a stipulated protective order filed.

 WHEREAS, there is no motion to stay pending.

 WHEREAS, the Parties do not agree on what should occur while the Court is evaluating the pending Motion to Sever.

 Therefore, the Parties request (A) a Status Conference with the Court, or (B) and Order as to whether the Parties must comply with Rule 26 at this time, or whether the Parties are not required to comply with Rule 26 until after receiving the Court's Order on the pending Motion to Sever.

Respectfully Submitted,

DATED: September 19, 2024  **LAW OFFICES OF DALE K. GALIPO**
**LAW OFFICES OF GRECH & PACKER**

By: */s/ Marcel F. Sincich*
Dale K. Galipo, Esq.
Marcel F. Sincich, Esq.
Trenton C. Packer, Esq.
*Attorneys for Plaintiff* DAVID COUCH, Sr.

DATED: September 19, 2024  **SINGLETON SCHREIBER, LLP**

By: */s/ Benjamin Koh*
Kimberly S. Trimble, Esq.
Benjamin Koh, Esq.
*Attorneys for Plaintiff* JEANELLE COUCH

DATED: September 19, 2024  ROB BONTA Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

By: */s/ Amie Bears*
AMIE BEARS
Deputy Attorney General
*Attorneys for Defendants California Highway Patrol and Sgt. Cates*