**P O R T E R | S C O T T**

A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
Colin J. Nystrom SBN 354503
cnystrom@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
SHASTA COUNTY
*(Exempt from Filing Fees Pursuant to Government Code § 6103)*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

DAVID COUCH, Sr., and JEANELLE COUCH; both individually and as successors in interest to DAVID COUCH, Jr., Decedent,

        Plaintiffs,

v.

STATE OF CALIFORNIA, by and through CALIFORNIA HIGHWAY PATROL; RYAN CATES; SHASTA COUNTY; and DOES 1-20, inclusive,

        Defendants.
_____/

Case No.  2:24-cv-00481-TLN-AC

**DEFENDANT SHASTA COUNTY'S ANSWER TO COMPLAINT**

Complaint Filed:  01/12/2024

       Defendant SHASTA COUNTY answers the Complaint ("Complaint") on file in this action as follows:

**JURISDICTION AND VENUE**

       1.     Answering paragraphs 1 and 2, this answering Defendant contends that these paragraphs contain conclusions of law and not averments of fact to which a response is required, but insofar as a

1

4874-3968-4853, v. 1

response is required, this answering Defendant generally and specifically denies the allegations contained in said paragraphs.

## INTRODUCTION

2.      Answering paragraph 3, this answering Defendant contends that this paragraph contains conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant generally and specifically denies the allegations contained in said paragraph.

3.      Answering paragraphs 4, 5, 6, and 7, this answering Defendant lacks sufficient knowledge that enables it to answer the allegations, and on that basis, generally and specifically denies the allegations contained in said paragraphs.

4.      Answering paragraph 8, this answering Defendant contends that this paragraph contains conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant generally and specifically denies the allegations contained in said paragraph.

## THE PARTIES

5.      Answering paragraph 9, this answering Defendant lacks sufficient knowledge that enables it to answer the allegations, and on that basis, generally and specifically denies the allegations contained in said paragraph.

6.      Answering paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 this answering Defendant contends that these paragraphs contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient knowledge that enables it to answer the allegations in said paragraphs, and on that basis, generally and specifically denies the allegations contained in said paragraphs.

7.      Answering paragraph 21, this answering Defendant admits it is a public entity existing under the laws of the State of California.  Answering the remaining allegations in said paragraph, this answering Defendant contends that this paragraph contains conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant generally and specifically denies the remaining allegations contained in said paragraph.

DEFENDANT SHASTA COUNTY'S ANSWER TO COMPLAINT

4874-3968-4853, v. 1

8.     Answering paragraphs 22, 23, 24, 25, 26, and 27, this answering Defendant lacks sufficient knowledge that enables it to answer the allegations in said paragraphs, and on that basis, generally and specifically denies the allegations contained in said paragraphs.

9.     Answering paragraphs 28 and 29, this answering Defendant contends that these paragraphs contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient knowledge that enables it to answer the allegations in said paragraphs, and on that basis, generally and specifically denies the allegations contained in said paragraphs.

10.    Answering paragraphs 30, 31, 32, 33, 34, and 35, this answering Defendant lacks sufficient knowledge that enables it to answer the allegations in said paragraphs, and on that basis, generally and specifically denies the allegations contained in said paragraphs.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

11.    Answering paragraph 36, this answering Defendant incorporates its responses to paragraphs 1 through 35, inclusive, as if fully set forth herein.

12.    Answering paragraph 37, this answering Defendant admits the allegations therein.

13.    Answering paragraph 38, this answering Defendant lacks sufficient knowledge that enables it to answer the allegations in said paragraph, and on that basis, generally and specifically denies the allegations contained in said paragraph.

14.     Answering paragraph 39, this answering Defendant admits that Couch was held in custody in the Shasta Jail from December 25, 2022 until February 8, 2023, when he was released. Answering the remaining allegations in said paragraph, this answering Defendant lacks sufficient knowledge that enables it to answer the remaining allegations in said paragraph, and on that basis, generally and specifically denies the remaining allegations contained in said paragraph.

15.    Answering paragraphs 40, this answering Defendant generally and specifically denies the allegations contained in said paragraph.

16.    Answering paragraphs 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58, this answering Defendant lacks sufficient knowledge that enables it to answer the allegations in said paragraphs, and on that basis, generally and specifically denies the allegations contained in said

DEFENDANT SHASTA COUNTY'S ANSWER TO COMPLAINT

4874-3968-4853, v. 1

paragraphs.

## FIRST CLAIM FOR RELIEF
### Fourth Amendment-Excessive Force (42 U.S.C. §1983)
### (Plaintiffs against Defendants CATES and DOES 1-10, inclusive)

17.    Answering paragraph 59, this answering defendant incorporates its responses to paragraphs 1 through 58, inclusive, as if fully set forth herein.

18.    Answering paragraphs 60, 61, 62, 63, 64, 65, 66, 67, 68, and 69, this answering Defendant generally and specifically denies the allegations contained in said paragraphs.

## SECOND CLAIM FOR RELIEF
### Eighth/Fourteenth Amendment - Failure to Provide Medical Care
### (42 U.S.C. § 1983)
### (Plaintiffs against Defendants DOES 11-20, inclusive)

19.    Answering paragraph 70, this answering defendant incorporates its responses to paragraphs 1 through 69, inclusive, as if fully set forth herein.

20.    Answering paragraphs 71 and 72, this answering Defendant contends that these paragraphs contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant generally and specifically denies the allegations contained in said paragraphs.

21.    Answering paragraph 73, this answering Defendant lacks sufficient knowledge that enables it to answer the allegations in said paragraph, and on that basis, generally and specifically denies the allegations contained in said paragraph.\

22.    Answering paragraphs 74, 75, 76, 77, 78, 79, 80, and 81, this answering Defendant generally and specifically denies the allegations contained in said paragraphs.

## THIRD CLAIM FOR RELIEF
### Fourteenth Amendment-Denial of Familial Relationship (42 U.S.C. §1983)
### (Plaintiffs against Defendants CATES and DOES 1-10, inclusive and Defendant DOES 11-20, inclusive)

23.    Answering paragraph 82, this answering defendant incorporates its responses to paragraphs 1 through 81, inclusive, as if fully set forth herein.

24.    Answering paragraphs 83, 84, and 85, this answering Defendant contends that these paragraphs contain conclusions of law and not averments of fact to which a response is required, but

4874-3968-4853, v. 1

insofar as a response is required, this answering Defendant generally and specifically denies the allegations contained in said paragraphs.

25.     Answering paragraphs 86, 87, 88, 89, 90 and 91, this answering Defendant generally and specifically denies the allegations contained in said paragraphs.

**FOURTH CLAIM FOR RELIEF**
**Battery (Cal. Govt. Code §820 and California Common Law)**
**(Plaintiffs against Defendants CATES and DOES 1-10, inclusive directly, and Defendants STATE and CHP vicariously)**

26.     Answering paragraph 92, this answering defendant incorporates its responses to paragraphs 1 through 91, inclusive, as if fully set forth herein.

27.     Answering paragraphs 93, 94, 95, 96, 97, and 98, this answering Defendant lacks sufficient knowledge that enables it to answer the allegations in said paragraphs, and on that basis, generally and specifically denies the allegations contained in said paragraphs.

**FIFTH CLAIM FOR RELIEF**
**Negligence (Cal. Govt. Code §820 and California Common Law)**
**(Plaintiffs against Defendants CATES and DOES 1-10, inclusive directly, and Defendants STATE and CHP vicariously; and Defendant DOES 11-20, inclusive directly, and Defendant COUNTY vicariously)**

28.     Answering paragraph 99, this answering defendant incorporates its responses to paragraphs 1 through 98, inclusive, as if fully set forth herein.

29.     Answering paragraphs 100, 101, this answering Defendant contends that these paragraphs contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant generally and specifically denies the allegations contained in said paragraphs.

30.     Answering paragraph 102, this answering Defendant lacks sufficient knowledge that enables it to answer the allegations in said paragraph, and on that basis, generally and specifically denies the allegations contained in said paragraph.

31.     Answering paragraph 103, this answering Defendant admits Couch was a detainee at the Shasta County Jail between December 25, 2022 and February 8, 2023.  Answering the remaining allegations in said paragraph, this answering Defendant generally and specifically denies the remaining

DEFENDANT SHASTA COUNTY'S ANSWER TO COMPLAINT

4874-3968-4853, v. 1

allegations contained in said paragraph.

32.    Answering paragraphs 104, this answering Defendant lacks sufficient knowledge that enables it to answer the allegations in said paragraph, and on that basis, generally and specifically denies the allegations contained in said paragraph.

33.    Answering paragraphs 105, 106, and 107, this answering Defendant generally and specifically denies the allegations contained in said paragraphs.

34.    Answering paragraph 108 and 109, this answering Defendant lacks sufficient knowledge that enables it to answer the allegations in said paragraphs, and on that basis, generally and specifically denies the allegations contained in said paragraphs.

35.    Answering paragraphs 110, 111 and 112, this answering Defendant contends that these paragraphs contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant generally and specifically denies the allegations contained in said paragraphs.

**SIXTH CLAIM FOR RELIEF**
**Violation of Cal. Civ. Code §52.1**
**(Plaintiffs against Defendants CATES and DOES 1-10, inclusive directly, and Defendants STATE and CHP vicariously)**

36.    Answering paragraph 113, this answering defendant incorporates its responses to paragraphs 1 through 112, inclusive, as if fully set forth herein.

37.    Answering paragraphs 114, 115, this answering Defendant contends that these paragraphs contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant generally and specifically denies the allegations contained in said paragraphs.

38.    Answering paragraph 116, 117, 118, 119, 120, 121, 122, 123, 124, and 125, this answering Defendant lacks sufficient knowledge that enables it to answer the allegations in said paragraph, and on that basis, generally and specifically denies the allegations contained in said paragraph.

///

///

DEFENDANT SHASTA COUNTY'S ANSWER TO COMPLAINT

4874-3968-4853, v. 1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

For any claim under 42 U.S.C. section 1983, at all times mentioned in the operative Complaint, employees of Defendant County were acting in good faith and are entitled to qualified immunity, which inures to the benefit of any public entity Defendant.

### SECOND AFFIRMATIVE DEFENSE

All acts and omissions alleged in the operative Complaint, where based in state law, fall within the immunities and defenses described in §§ 815 et seq. of the California Government Code.

### THIRD AFFIRMATIVE DEFENSE

All acts and omissions alleged in the operative Complaint, where based in state law, as to any employees of Defendant County, fall within the immunities and defenses described in §§ 820.2 of the California Government Code, for any acts of discretion.

### FOURTH AFFIRMATIVE DEFENSE

All acts and omissions alleged in the operative Complaint, where based in state law, as to any employees of Defendant County, fall within the immunities and defenses described in §§ 820.8 of the California Government Code, for any acts of others.

### FIFTH AFFIRMATIVE DEFENSE

All acts and omissions alleged in the operative Complaint, where based in state law, fall within the immunities and defenses described in §§ 844.6 and/or 845.6 of the California Government Code, for injuries to prisoners.

### SIXTH AFFIRMATIVE DEFENSE

All acts and omissions alleged in the operative Complaint, where based in state law, as to any employees of Defendant County, fall within the immunities and defenses described in §§ 855.6 and/or 855.8 of the California Government Code, for examinations or diagnosis or failures thereof.

### SEVENTH AFFIRMATIVE DEFENSE

All acts and omissions alleged in the operative Complaint, where based in state law, fall within the immunities and defenses described in §§ 900 et seq. of the California Government Code, in that Plaintiffs failed to comply with the requirements of the California Tort Claims Act.

---

DEFENDANT SHASTA COUNTY'S ANSWER TO COMPLAINT

4874-3968-4853, v. 1

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery is barred or reduced proportionately by the careless, negligence, and willful conduct of the decedent and/or third parties, which proximately caused any damage claimed in this action pursuant to California Civil Code § 1431.2.

### NINTH AFFIRMATIVE DEFENSE

In the event this answering Defendant is found liable, which this answering Defendant denies and states merely for the purpose of this affirmative defense, this answering Defendant may elect to introduce evidence of any amount paid or payable, if any, as a benefit to Plaintiffs and claim credit pursuant to California Civil Code § 3333.1, in that the claims arise out of the provision of health care services to decedent.

### TENTH AFFIRMATIVE DEFENSE

In the event this answering Defendant is found liable, which this answering Defendant denies and states merely for the purpose of this affirmative defense, this answering Defendant alleges that damages for non-economic losses for any professional negligence/malpractice cannot exceed the amount specified in California Civil Code § 3333.2. In no action shall the amount of damages for noneconomic losses exceed two hundred fifty thousand dollars ($250,000), in that the claims arise out of the provision of health care services to decedent.

### ELEVENTH AFFIRMATIVE DEFENSE

In the event this answering Defendant is found liable, which this answering Defendant denies and states merely for the purpose of this affirmative defense, this answering Defendant may elect to have future damages, if in excess of the amount specified in California Code of Civil Procedure § 667.7, paid in full or in part as specified in California Code of Civil Procedure § 667.7.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or decedent's injuries or damages, if any, were a result or caused solely by the natural course of a disease or condition, or were the natural or expected result of reasonable treatment rendered for the disease or condition of decedent such that Plaintiffs' claims herein are barred by California Civil Code § 1714.8.

*///*

DEFENDANT SHASTA COUNTY'S ANSWER TO COMPLAINT

4874-3968-4853, v. 1

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to comply with the California Code of Civil Procedure § 425.13 with respect to the alleged claim for punitive damages against any medical care provider, with respect to any alleged claim against such health care provider under California statutes.

## FOURTEENTH AFFIRMATIVE DEFENSE

The state law claims as against any against a health care provider are barred by the applicable statute of limitations, including California Code of Civil Procedure § 340.5 and/or § 945.6.

## FIFTEENTH AFFIRMATIVE DEFENSE

Decedent failed to exercise reasonable diligence so as to mitigate the damages, if any, alleged in the operative Complaint and the resultant damages, if any, complained of were directly and proximately caused by the failure, neglect, and refusal of decedent to exercise reasonable diligence and effort to mitigate the damages alleged.

## SIXTEENTH AFFIRMATIVE DEFENSE

Based upon information and belief, decedent freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

## PRAYER FOR RELIEF

WHEREFORE, this answering Defendant prays for judgment as follows:

1.      That Plaintiffs' action be dismissed;

2.      That Plaintiffs take nothing by way of their Complaint;

3.      That Defendant be awarded its costs of suit, including attorney fees; and

4.      For such other relief as the Court deems proper.


Dated:  November 1, 2024                    PORTER SCOTT
                                            A PROFESSIONAL CORPORATION

                                            By /s/ John R. Whitefleet
                                                John R. Whitefleet
                                                Attorneys for SHASTA COUNTY

DEFENDANT SHASTA COUNTY'S ANSWER TO COMPLAINT

4874-3968-4853, v. 1

## **DEMAND FOR JURY TRIAL**

This answering Defendant hereby demands a trial by jury in the above-entitled action as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure

Dated:  November 1, 2024

PORTER SCOTT
A PROFESSIONAL CORPORATION

By /s/ John R. Whitefleet
John R. Whitefleet
Attorneys SHASTA COUNTY

DEFENDANT SHASTA COUNTY'S ANSWER TO COMPLAINT

4874-3968-4853, v. 1