**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* DAVID COUCH, Sr.

**SINGLETON SCHREIBER, LLP**
Kimberly S. Trimble (SBN 288682)
ktrimble@singletonschreiber.com
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
(619) 860-0121

*Attorneys for Plaintiff* JEANELLE COUCH

[*Attorneys For Defendants Listed On Next Page*]

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COUCH, Sr., et al., | Case No.: **2:24-cv-00481-TLN-AC** |
| Plaintiffs, | [*Honorable Troy L. Nunley* Magistrate Judge Allison Claire] |
| vs. | **JOINT RULE 26(f) REPORT** |
| STATE OF CALIFORNIA, et al., | **Scheduling Conference** |
| Defendants. | TBD |

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
Colin J. Nystrom SBN 354503
cnystrom@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant SHASTA COUNTY


ROB BONTA, State Bar No. 202668
Attorney General of California
CATHERINE WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
AMIE BEARS, State Bar No. 242372
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7663 | Fax: (916) 322-8288
E-mail: Amie.Bears@doj.ca.gov
*Attorneys for Defendants California Highway Patrol and Sgt. Cates*

Pursuant to Federal Rule of Civil Procedure 26(f), the parties submit the following report, by and through their respective counsel of record.

**1.     Statement of the Case:**

   **A.     Short Synopsis of Plaintiffs' Joint Claims for Relief:[1]**

This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law including for in connection with the denial of medical care by Defendant County followed by the shooting death of decedent David Couch by Defendant California Highway Patrol ("CHP") officer Ryan Cates, on February 9, 2023, at approximately 5:45 p.m., at decedent's residence in the area of 3060 Island Drive, City of Redding, County of Shasta, California.

Decedent was held in custody in Shasta County Jail from approximately December 25, 2022 to February 8, 2023. Upon release, Decedent was suffering the exacerbated effects of his serious mental illness caused by County Defendants not providing appropriate medical care to Decedent and without providing him with information for continued treatment of his mental health condition. The following day, Decedent was in a manic episode, which was known or should have been known by Defendant Cates, who was not responding to the property for a serious or violent crime. Defendant Cates had no information that decedent had committed a crime or harmed any person. Nevertheless, Defendant Cates parked his patrol vehicle in the driveway of the residence, exited, and immediately pointed his firearm at decedent. Defendant Cates then aggressively approached decedent, grabbed and began using force against decedent. Despite having several less-intrusive alternatives and without first providing a verbal warning, Defendant Cates used

---

[1] Initial Disclosures pursuant to Rule 26 have not yet been exchanged. Therefore, as of the date of this Joint Report, Plaintiffs have not yet received documents from the defense. The statement of facts set forth herein are alleged without the benefit of any of the discovery documents that are currently in defendants' possession and some of these facts (identified by the Complaint) are alleged on information and belief.

deadly force against decedent. At all times, decedent was not an immediate threat of death or serious bodily injury.

This case was originally filed on January 12, 2024, in the Superior Court of the State of California, County of Shasta. (Doc. 1-3.) On February 15, 2024, Defendants removed this matter to federal court. (Doc. 1.) On February 22, 2024, Defendant CHP filed its answer (Doc. 5), and on March 25, 2024, Defendant Cates filed his answer (Doc. 14). Defendant County filed a motion to sever on March 6, 2024. (Doc. 8.) On October 30, 2024, the Court denied Defendant County's motion. (Doc. 16.) On November 11, 2024, Defendants County filed its answer. (Doc. 17.) Plaintiffs bring the following claims for relief against Defendants pursuant to 42 U.S.C. §1983: (1) Fourth Amendment Excessive Force; (2) Eighth and Fourteenth Amendment Failure to Provide Medical Care; and (3) Fourteenth Amendment Denial of Familial Relationship. Plaintiffs bring the following claims for relief pursuant to state law: (4) Battery; (5) Negligence; and (6) Violation of the Bane Act (Cal. Civ. Code § 52.1).

**B.   Defendants' Statement:**

Defendants deny all liability and asserts affirmative defenses as outlined in the respective Answers.

**2.   Subject Matter Jurisdiction:**

The Court has jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

**3.    Legal Issues:**

Plaintiffs present:

The key legal issue in this case as follows: (1) whether Defendant Cates used excessive force against decedent within the meaning of the Fourth Amendment; (2) whether the Defendant County and/or Defendant Cates denied decedent medical care; (3) the Defendant County and/or Defendant Cates deprived Plaintiffs' of their familial relationship with decedent; (4) whether Defendant Cates committed battery upon decedent and whether his employing agencies is vicariously liable; (5) whether Defendants were negligence towards decedent and Plaintiffs and proximately caused their injuries and whether the employing agencies are vicariously liable; (6) whether Plaintiffs' and/or decedent's rights under California's Bane Act (Cal. Civ. Code §52.1) were violated by Defendants; (7) whether decedent suffering pre-death pain and suffering; (8) whether Plaintiffs suffered any damages; (9) whether any of the Defendants' acts or omissions proximately caused decedent's injuries or damages, and to what extent, if any; and (10) whether any individual Defendant's conduct gives rise to punitive damages.

There are currently no procedural, substantive, or evidentiary motions.

Defendants present:

What legal issues are at issue may depend on what discovery and dispositive motions.

**4.    Parties, Evidence, etc.:**

Plaintiffs present:

**A.    Parties:**

Plaintiff:    DAVID COUCH, Sr. and JEANELLE COUCH.

Defendants: COUNTY OF SHASTA; STATE OF CALIFORNIA (by and through the California Highway Patrol); RYAN CATES; and DOES 1-10, inclusive.

/ / /

**B.    Percipient Witnesses:**

Besides the individual Defendant Officer, the names of percipient witnesses to the shooting incident are unknown to Plaintiffs at this time. Plaintiffs believe that Defendants are in possession of records that indicate all known percipient witnesses.

**C.    Key Documents on the main issues:**

Relevant portions of any audio or video recording of the incident, including transcripts thereof; relevant portions of audio/video recordings and transcripts of involved officer/official statements to investigators related to the incident; relevant portions of audio/video recordings and transcripts of percipient witness statements to investigators related to the incident; relevant portions of reports, diagrams, evidence collected, and analysis thereof, related to the incident; relevant photographs of the scene, involved officers, evidence collected, medical records and injuries suffered by decedent or Plaintiffs caused by Defendants; Defendants' policies, procedures, and training documents. Plaintiffs will also seek Defendant Officers' training and personnel records.

Defendants present:

Defendants defer to the discovery process and Rule 26.

**5.    Damages:**

Plaintiffs believe that a realistic range for damages cannot be ascertained at this time without expert evaluation and opinion. However, based on the severe pre-death pain and suffering endured by Decedent and the extreme loss of a child as a direct result of Defendant Cates shooting and killing decedent, Plaintiffs contend that a reasonable jury could award Plaintiffs in excess of $10 million.

**6.    Insurance:**

Defendant County of Shasta is a self-insured public entity

Defendant State (CHP) is a self-insured public entity.

/ / /

**7.     Motions:**

    **A.     Procedural Motions:**

Per Plaintiffs, after review of the discovery material, which has not yet been provided, Plaintiffs will be able to determine the identity of the County officials involved and whether there were any other officers who used excessive or unreasonable force against decedent, and/or ascertain the names of those officers, official, and/or individuals who denied Decedent medical care and/or used force against or otherwise violated the rights of Decedent and/or Plaintiffs. Depending on that review, Plaintiffs anticipates amending the pleadings to name of DOE defendants, including any additional allegations if the documents produced during discovery by Defendants reveal that other officers, official, and/or individual were integral participants in, failed to intervene in, or were somehow otherwise responsible for the violation of Decedent and/or Plaintiffs' constitutional and state law rights.

Defendants submit that per the Initial Scheduling Order (ECF No. 2), the time to amend has expired.

    **B.     Dispositive Motions:**

The parties submit that absent additional answers to be filed, per the Initial Scheduling Order (ECF No. 2), the following deadline applies:

D/L to File a Dispositve Motion                                      May 4, 2026

    **C.     Class certification Motion:**

Not applicable.

**8.     Discovery:**

    **A.     Status of Discovery:**

The parties intend to serve written discovery including Interrogatories, Demands for Production of Documents and Requests for Admissions. The parties intend to conduct depositions of party and non-party witnesses.

The parties have not yet exchanged discovery requests but anticipate commencing written discovery forthwith.

**B.    Discovery Plan:**

  *i.    Initial Disclosures:*

   The parties will serve their initial disclosures in accordance with Fed. R. Civ. P. 26(a)(1)(C), on January 13, 2024.

  *ii.    Subjects on which Discovery may be Needed:*

   The parties will conduct discovery regarding the facts and circumstances of the incident that forms the basis of this lawsuit related to Plaintiffs' claims as set forth above, including regarding the facts and circumstances of the officer involved shooting. Plaintiffs will conduct discovery regarding the Defendant officer's background and training, and the Defendants' policies and training related to officer involved shootings and the investigation thereof. The parties will also conduct discovery related to Plaintiffs' alleged damages, and punitive damages.

   The parties do not anticipate any issues regarding disclosure, discovery, and preservation of electronically stored information.

  *iii.    Discovery Phases:*

   The parties have discussed discovery in this matter and propose that discovery be conducted in two phases: (1) non-expert fact discovery and (2) expert discovery.

  *iv.    Limitations of Discovery:*

   The parties do not anticipate any other changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by Local Rules.

  *v.    Other Discovery Issues:*

   Counsel for the parties will meet-and-confer on any discovery issues and any potential Rule 29 stipulations as may be appropriate.

1    **C.     Discovery Dates:**

2       The parties submit that absent additional answers to be filed, per the Initial

3    Scheduling Order (ECF No. 2), the following schedule applies:

4       D/L to Complete Fact Discovery                    November 3, 2025

5       Initial Expert Disclosure Due                     January 2, 2026

6       Rebuttal Expert Disclosure Due                    February 2, 2026

7    **9.     Settlement Conference / Alternative Dispute Resolution (ADR):**

8       The parties have discussed their respective procedures for settlement or

9    resolution. Formal settlement negotiations have not occurred.

10      Plaintiffs are willing to engage in early mediation.

11      Defendants County and CHP are open to participating in a settlement

12   conference before a Magistrate not assigned to case at a mutually agreed-upon date

13   after the parties have conducted discovery.  Defendants suggests the parties notify

14   the court when appropriate.

15   **10.    Trial:**

16      **A.     Trial Estimate:**

17      The parties have discussed trial and trial preparation and parties estimate that

18   this jury trial will realistically take 5-10 days, including *voir dire*, opening

19   statements, closing arguments, and time reasonably anticipated that will be spent on

20   discussions regarding jury instructions and verdict forms outside the presence of the

21   jury.

22      **B.     Trial will be by jury.**

23      **C.     Consent to Trial Before a Magistrate Judge**

24      The parties do not consent to a magistrate judge for trial at this time.

25   **11.    Independent Expert or Master:**

26      The parties do not believe this is a case in which the Court should consider

27   appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific

28   expert.

**12.    Other Issues:**

The parties do not believe this case requires utilization of the Manual for Complex Litigation.

The parties do not believe there are any unusually complicated or technical issues at this time.

The parties have agreed to submit a stipulation requesting a Protective Order concerning documents that the parties contend are confidential.

**Respectfully submitted,**

DATED:  December 26, 2024      **LAW OFFICES OF DALE K. GALIPO**
                               **LAW OFFICES OF GRECH & PACKER**

By: */s/       Marcel F. Sincich*
Dale K. Galipo, Esq.
Marcel F. Sincich, Esq. [2]
Trenton C. Packer, Esq.
*Attorneys for Plaintiff* DAVID COUCH, Sr.

DATED:  December 26, 2024      **SINGLETON SCHREIBER, LLP**

By: */s/       Kimberly S. Trimble*
Kimberly S. Trimble, Esq.
*Attorneys for Plaintiff* JEANELLE COUCH

DATED:  December 26, 2024      **PORTER SCOTT**
                               **A PROFESSIONAL CORPORATION**

By: */s/       John R. Whitefleet*
John R. Whitefleet
*Attorneys for Defendant* SHASTA COUNTY

---

[2] I, Marcel F. Sincich, hereby attest that all the signatories listed, and on whose behalf the filing is submitted, concur in the content of this Joint Scheduling Conference Report and have authorized its filing.

1   DATED: December 26, 2024        ROB BONTA Attorney General of California
2                                                           CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

3

4                                                           By: */s/*　　　*Amie Bears*

5                                                           AMIE BEARS

6                                                           Deputy Attorney General
*Attorneys for Defendants California Highway*

7                                                           *Patrol and Sgt. Cates*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28