Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Brooke M. Mesner, Esq. (SBN 354265)
440 Stevens Avenue, Suite 100
Solana Beach, CA  92075
Telephone:  (858) 380-4683
Facsimile:  (858) 492-0486
E-mail:  lroistacher@deangazzo.com
           bmesner@deangazzo.com

Attorneys for Defendants
State of California by and through California Highway
Patrol and Sgt. Ryan Cates

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COUCH, Sr., and JEANELLE COUCH; both individually and as successors in interest to DAVID COUCH, Jr. Decedent,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, by and through CALIFORNIA HIGHWAY PATROL; RYAN CATES; SHASTA COUNTY; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.:   2:24-cv-00481-TLN-AC<br><br>**JOINT STIPULATION TO CONTINUE CASE MANAGEMENT DATES**<br><br>Courtroom:   2<br>Judge:          Troy L. Nunley<br>Magistrate:   Allison Claire<br><br>Complaint Filed: 01/12/2024<br>Trial Date: None set |

The parties, by and through counsel, stipulate as follows.

1. The fact discovery cut off is November 3, 2025.  The initial expert witness disclosure is January 2, 2026, and rebuttal disclosures are due on February 2, 2026.  There is no trial date.  The parties agree to continue these current case management dates 120 days.  The parties believe good cause exists.  There have been no prior requests for extensions.

2. Plaintiffs' complaint asserts federal civil rights and state law tort claims against defendants for denial of medical care against Shasta County while decedent David Couch was incarcerated between December 28, 2022 and February 8, 2023 and for the subsequent use of deadly force against Couch by defendant California Highway Patrol Officer Ryan Cates on February 9, 2023.

3. Because the decedent was "unarmed" as defined by California Government Code § 12525.3, the California Department of Justice (DOJ) is required to and has been conducting a criminal investigation into the officer involved shooting to determine whether criminal charges are warranted against Officer Cates. The DOJ's investigation is on-going. The parties generally agree that the investigation is likely completed but it is unknown when the DOJ will issue its report and findings.

4. A discovery dispute arose regarding taking the deposition of Officer Cates while the DOJ investigation is pending and, relatedly, continuing the currently set case management dates.

5. The CHP defendants' position was essentially that, to avoid Officer Cates invoking his Fifth Amendment right to incriminate himself if deposed, which he intends to do, Officer Cates deposition should be delayed 90 days to see if the DOJ issued its report and findings. CHP defendants wanted to avoid a situation where Officer Cates is deposed, asserts his Fifth Amendment rights, and then if not charged having to move to withdraw the assertion, which would necessitate another deposition of him. CHP defendants further wanted to continue the current case management dates a corresponding 90 days with the parties conducting other discovery during the 90-day delay of Officer Cates' deposition.

6. Plaintiffs' position was essentially that the DOJ investigation was 2.5 years old, there were no criminal charges pending, there was little chance Officer Cates would be charged criminally, and they had waited long enough to take Officer Cates' deposition. Plaintiffs were agreeable to a 60-continuance of the current case management dates but wanted to immediately proceed with Officer Cates' deposition.

7. Defendant Shasta County was basically neutral.

8. After meeting and conferring on the matters, the parties participated in an IDC before Judge Clarie on August 20, 2025. Judge Clarie indicated at the outset of the IDC that she was somewhat limited in what she could do to resolve the dispute because she could not continue the case management dates. Judge Claire suggested the parties meet and confer and

///

submit a joint stipulation to this Court to continue the dates then return to her for resolution of the dispute regarding delaying Officer Cates' deposition.

10. After meeting and conferring the parties agreed to continue the current case management dates 120 days and, assuming this Court continued the dates, returning to Judge Claire for a binding decision on the deposition dispute (which would be in lieu of a motion for protective order by Officer Cates).

Dated: August 29, 2025

LAW OFFICES OF DALE K. GALIPO
GRECH, PACKER, & HANKS

By: /s/ Dale K. Galipo
Dale K. Galipo
Trent C. Packer
Marcel F. Sincich
*Attorneys for Plaintiff*
David Couch, Sr.

Dated: August 29, 2025

Singleton Schreiber, LLP

By: /s/ Kimberly Sue Hutchison
Kimberly Sue Hutchison
Attorneys for Plaintiff Jeanelle Couch

Dated: August 29, 2025

Porter Scott

By: /s/ John Robert Whitefleet
John Robert Whitefleet
Attorneys for Defendant Shasta County

Dated: August 29, 2025

Dean Gazzo Roistacher LLP

By: /s/ Lee H. Roistacher
Lee H. Roistacher
Brooke M. Mesner
Attorneys for Defendants State of California by and through California Highway Patrol and Sgt. Ryan Cates

3