# United States District Court

Eastern District of California
Robert T. Matsui U.S. Courthouse • 501 I Street
Sacramento, CA 95814

(916) 930-4195 • jdporders@caed.uscourts.gov

Chambers of
JEREMY D. PETERSON
United States Magistrate Judge

Dear Settlement Conference Participant,

We are scheduled to meet at an upcoming settlement conference, at which I will be your "settlement judge," or mediator. To make our time together as productive as possible, I have a few requests. Essentially, as described below, I ask that all parties, in advance of our meeting, (1) prepare thoroughly, (2) exchange mediation statements, and (3) exchange written demands/offers.

Please take seriously this opportunity to settle your case. Whether your case was recently filed or is nearing trial, the upcoming settlement conference could be an opportunity for you to bring litigation to a close and to exchange the risks of trial for the certainty of an agreed-upon resolution. Although mediation is unpredictable, in my experience, most cases that enter mediation settle. This is grounds for optimism.

**(1) Prepare Thoroughly**

The likelihood of settling your case goes up significantly if you prepare thoroughly. To this end, parties and counsel should have thorough and candid discussions in advance of the settlement conference. This means more than picking a settlement goal and a fall-back position. Discuss obstacles that may stand in the way of resolution and what could be done to get past them, both at and in advance of our meeting. If there are questions that need to be asked or information that needs to be obtained, please do the asking and obtaining before we meet.

**(2) Exchange Mediation Statements**

The order setting our settlement conference requires that all parties draft mediation statements.[1] Your mediation statement should reflect your thorough preparation. Please don't file it on the docket, but please do share it with the other parties. If you would like to communicate anything confidentially to me, you may do so in a confidential supplement. You may also request a

---

[1] If you would like to request permission not to file a written mediation statement, please (1) contact chambers immediately and (2) simultaneously inform all other parties' counsel of your request.

private call. I have no formatting requirements for the statement, but many effective mediation statements employ a letter format, single-spaced and with appropriate headings. Less formal statements are often stronger. Attachments are not typical, but you can include them if you feel it's necessary. Your statement should be a bespoke document; **do not submit a pre-existing pleading or version thereof.** Please email your mediation statement to chambers and simultaneously to all other parties.

Know that I will review your mediation statement with care. The more thought you put into it, the more effective I can be in facilitating settlement.

Here are some suggestions for your mediation statement:

(a) *Provide a case summary.* Include a brief summary of the facts and the legal issues. If any significant issues are undisputed, please let me know. Summarize the case's procedural posture, if relevant.

(b) *Describe the history of settlement discussions.* The more detail you can provide about the history of negotiations, the better. At a minimum, please inform me of any past offers or demands from any party, whether before or after the start of litigation.

(c) *Identify missing information.* If any information is missing and might be necessary, or even just helpful, in achieving resolution, please identify that information and explain how it might be obtained.

(d) *Identify participants.* Please identify everybody attending the settlement conference associated with your party. Take note of my requirement that all necessary players be present, including the parties themselves, all lawyers, and individuals with full authority to settle the case.[2]

(e) *Tell me if there is anything else I should know.* For example: Are there potential non-monetary solutions, or settlement terms? Might a partial solution be possible? Are there any hidden interests? Would any confidentiality provisions be appropriate in a potential settlement agreement? Are there any personal or emotional aspects of the case that I should be aware of? Are there any related cases, whether state or federal, and whether or not formally "related"? Have any participants had notably negative or positive prior experiences with mediation? Do you feel strongly that a particular format would work best for this settlement conference, considering that I hold both in-person and remote (Zoom) settlement conferences at my discretion? Would you like to minimize or avoid joint sessions? Do you feel that now is not the right time for a settlement conference?

---

[2] I sometimes invite certain individuals to assist me with or to observe a settlement conference. This may include law students or court personnel such as law clerks or externs. Any observers will be instructed on confidentiality. If you have any issue with this practice, please let me know.

**(3) Exchange demand and offer**

As for plaintiff(s): Please deliver to defendant(s) a written settlement demand, accompanied by a brief explanation of why such demand is appropriate, before the mediation statements are submitted—i.e., no later than 14 days before the settlement conference, when the statement is due. Please either copy the court or inform me of your demand in your mediation statement.

As for defendant(s): Please respond with a written settlement offer, which should also be accompanied by a brief explanation, before the pre-settlement conference telephone call—i.e., no later than seven calendar days before the settlement conference. Defendants should email a copy of their written offer and explanation to my chambers when it is conveyed to the other parties.

* * *

Our court's settlement program has resulted in the resolution of many cases—including many hard-fought, complex, and long-running ones, where little or no progress had been made before the commencement of mediation. Resolution might be possible for your case, too. I will put my best efforts into trying to help the parties find an acceptable resolution, and I ask you to do the same.

I look forward to our meeting.

Yours,

Jeremy Peterson